Qi Wu CHISHOLM, Appellant,

v.

Gary Bryce CHISHOLM, Appellee.

No. 04–04–00124–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 24, 2005.

Rehearing Overruled Sept. 28, 2005.

Judith K. Wemmert, San Antonio, for Appellant.

Matt Sossi, The Law Office of Matt Sossi, San Antonio, for Appellee.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## MEMORANDUM OPINION

Opinion by KAREN ANGELINI, Justice.

On July 13, 2005, we issued an opinion affirming the trial court's judgment. Qi Wu Chisholm has now filed a motion for rehearing. We deny the motion for rehearing. However, we withdraw our opinion of July 13, 2005, and issue this opinion in its place to correct a factual misstatement in the original opinion.

Qi Wu Chisholm appeals the final decree of divorce, arguing that the trial court erred in rendering the final decree because she did not understand it or agree to it. We overrule Ms. Chisholm's sole issue and affirm the judgment of the trial court.

On December 4, 2002, Appellee Gary Bryce Chisholm filed an original petition for divorce. On July 22, 2003, the parties and their attorneys appeared before the trial court for a final hearing. The trial court ruled on some contested issues and approved the agreement between the parties on the remaining issues. The trial court granted the divorce and, subsequently, entered a Final Decree of Divorce.

■ In one issue on appeal, Ms. Chisholm contends the trial court erred in rendering a decree of divorce because she did not understand or agree to it.[2] According to Ms. Chisholm, she was confused about the terms of the parties' agreement and her confusion was never cleared up. Ms. Chisholm argues that because she did not fully understand the agreement, the trial court had no authority to render an agreed judgment.

■ It is true that in an agreed judgment, the terms of the agreement must be agreed upon by all the parties. *See Rogers v. Rogers,* 806 S.W.2d 886, 888 (Tex. App.-Corpus Christi 1991, no pet.). A careful and thorough reading of the record, however, shows that the parties sufficiently understood and agreed to the matters about which Ms. Chisholm claims confusion.

After Mr. Chisholm's attorney dictated the parties' agreement into the record, Ms. Chisholm stated, "I don't understand a word that she read. That whole thing I didn't understand." Ms. Chisholm's attorney then stated, "Well, we'll have to—I'll have to explain it to you," to which she responded, "Yeah." At that point, the court took up an unresolved matter relating to whether the couple's daughter would remain in day care full time or part time. During this portion of the hearing Ms. Chisholm fully participated and responded to questions from the court. The court did, however, resolve the day care issue against Ms. Chisholm.

Mr. Chisholm then testified on direct examination that he was requesting the court to grant the divorce in accordance with the parties' agreement and the judge's ruling.[3] Then, on direct examination, Ms. Chisholm confirmed that she and her attorney had gone over everything in the hallway regarding all the matters relating to the divorce. She testified specifically to the agreement regarding everything involving the couple's child, including visitation, joint conservatorship, and child support.

During the portion of the hearing where the court heard evidence to resolve the disputed day care issue, the court asked Ms. Chisholm if she observed Mr. Chisholm doing things to their three-year old daughter, she answered, "I'm sorry. I didn't understand this question. [Question interpreted] No." Ms. Chisholm argues that this portion of the record demonstrates her inability to understand the parties' agreement; however, this portion of the record was not at all related to the parties' agreement but instead was related to the contested issue the parties asked the court to resolve. Furthermore, it appears any lack of understanding on Ms. Chisholm's part was resolved when the question was interpreted for her and she answered it.

When Ms. Chisholm's attorney asked Ms. Chisholm if she was going to move out of the house and the house was going to be sold, she stated, "That other thing[ ] we didn't make a decision." Then, when her attorney reminded her of their discussion in the hallway, she replied that they had discussed child support.

At this point, the trial court interceded and requested Ms. Chisholm to listen care-

---

**2.** Ms. Chisholm, who is Chinese, had a Chinese interpreter available to her during the hearing; however, it appears most of the proceedings were conducted in English since Ms. Chisholm speaks English. It appears from the record that the interpreter assisted Ms. Chisholm during the hearing by explaining some matters to her.

**3.** In our original opinion, which we have withdrawn, we erroneously attributed Mr. Chisholm's testimony to Ms. Chisholm.

fully to her attorney's questions. Ms. Chisholm's attorney again questioned her about moving out of the house and selling it. With her answers to his questions, Ms. Chisholm confirmed that she had agreed the house was to be sold at a certain price that the parties had agreed upon and that she would move out of the house. The trial court then asked Ms. Chisholm if she understood the agreement that had been worked out, and she answered, "No." At that point, the trial court instructed her to "ask your lawyer right now while you're here." The interpreter then interjected that what Ms. Chisholm was questioning related to a listing of Mr. Chisholm's credit card debts that he had agreed to pay. According to Mr. Chisholm's attorney, this information had been included in Mr. Chisholm's sworn inventory and had been provided to her attorney. The trial court then stated, "It really doesn't make any difference, he's going to pay the bills." Ms. Chisholm then raised an unresolved issue regarding the down payment that had been made on the house. The trial court ruled on that issue and then granted the divorce.

A review of the record shows that, despite Ms. Chisholm's statements indicating a lack of understanding during the proceeding, she participated with her attorney in reaching the agreement and understood it sufficiently for the trial court to enter a judgment. Ms. Chisholm confirmed on the record that she and her attorney had gone over all matters pertaining to the divorce in the hallway before coming before the court and the trial court gave her ample opportunity to discuss any questions she had regarding the agreement with her lawyer. Her confusion primarily related to the unresolved matters that the court ruled on and not to the matters the parties had agreed upon. We further note that Ms. Chisholm in no way complains about the terms of the trial court's judgment.

We cannot say the trial court erred in rendering the divorce.

We overrule appellant's sole issue and affirm the judgment of the trial court.