**Qi Wu CHISHOLM, Petitioner,**

v.

**Gary Bryce CHISHOLM, Respondent.**

No. 05–0996.

Supreme Court of Texas.

Dec. 1, 2006.

---

Qi Wu Chisholm, Helotes, pro se.

William L. Baskette, Judith Karls Wemmert, Judith Ramsey Saldana, Law Offices of Judith Ramsey Saldana, San Antonio, for petitioner.

Matthew Edward Sossi, Amy Ann Geistweidt, Higdon, Hardy & Zuflacht, L.L.P., San Antonio, for respondent.

PER CURIAM.

■ In this divorce case, petitioner Qi Wu Chisholm complains that the trial court, after a bench trial, rendered judgment based on an alleged agreement between the parties to which she had not consented. The only issue before us is whether Ms. Chisholm agreed to the property division in the judgment.

When the case was called for trial, counsel for respondent Gary Bruce Chisholm recited into the record what she said was the parties' agreement, containing terms on custody of the parties' minor child and the division of property. Counsel then tendered an exhibit she described as "the division of the personal property that the clients have approved." The exhibit listed pre-marital household items and items acquired after marriage to be divided to either Mr. or Ms. Chisholm. Without objection by Ms. Chisholm's attorney, the court received the exhibit in evidence.

Almost immediately, Ms. Chisholm, whose ability to speak and understand English is disputed, stated that she didn't understand what had been read into the record. Testifying with the occasional aid of an interpreter, Ms. Chisholm acknowledged that she and Mr. Chisholm had reached an agreement on custody, but said they had only discussed, not decided, everything else. After further questioning, she appeared to assent to the sale of the marital residence, but when asked if she understood the agreement, still maintained she did not. Although there was further discussion between the attorneys, the parties, and the court on other portions of the agreement, Ms. Chisholm was never asked whether she understood or consented to

the agreement as a whole. No other evidence was admitted.

After Mr. Chisholm moved for a final decree, stating that "the parties [had] read an agreement into the record for full and final settlement of all issues in this case," the trial court rendered a judgment containing most but not all of the recited terms, as well as additional terms never discussed at trial, such as the division of tax liability.

 The court of appeals affirmed, concluding that "despite Ms. Chisholm's statements indicating a lack of understanding during the proceeding, she participated with her attorney in reaching the agreement and understood it sufficiently for the trial court to enter a judgment." —— S.W.3d ——, ——, 2005 WL 2012284, *2. We disagree. Even if Ms. Chisholm consented to the custody arrangements and the sale of the marital residence, nothing in the record shows she consented to the property division. A court "cannot render a valid agreed judgment absent consent at the time it is rendered." *Padilla v. LaFrance*, 907 S.W.2d 454, 461–62 (Tex.1995); *see also Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex.1996) (per curiam). Moreover, the judgment was not "in strict or literal compliance" with the terms recited into the record; the judgment improperly removed and added material terms. *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976) (per curiam); *see also Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871, 872 (Tex.1939). When a consent judgment is rendered without consent or is not in strict compliance with the terms of the agreement, the judgment must be set aside. *See Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291–292 (1951).

Mr. Chisholm argues in his brief in this Court:

While certainly not a work of art, the court's proceedings were very typical of family law cases in Bexar County, Texas where there is a hodge podge of agreements recited into the record and various orders entered by the court to resolve disputes between the parties. The record ultimately shows that the order was not based purely on the agreement of the parties, rather the decree consisted of part agreement, part orders from the court which were incorporated into the composition of the parties' decree of divorce.

Whether the characterization of practice is accurate, there was no basis in this case for the trial court to make the findings necessary to divide the marital estate and render final judgment.

Accordingly, we grant Ms. Chisholm's petition for review and, without hearing oral argument, Tex.R.App. P. 59.1, reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.