Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-08-00302-CV

Javier C. **GAMEZ**, Andres Reyes, and Sandra Gamez,
Appellants

v.

Manuel R. **FLORES** and Virginia R. Flores,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2006-CVQ-001999-D3
Honorable Gus J. Strauss, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Rebecca Simmons, Justice

Delivered and Filed:   July 15, 2009

REVERSED AND REMANDED

Javier C. Gamez, Andres Reyes, and Sandra Gamez appeal from the trial court's judgment, arguing that the trial court erred in signing a judgment that added terms to the parties' rule 11 agreement. We reverse and remand.

Javier C. Gamez filed a civil lawsuit against Carlos T. Flores and his parents, Manuel R. Flores and Virginia R. Flores, alleging numerous tortious theories and seeking actual, consequential,

and exemplary damages. Manuel R. Flores and Virginia Flores ("the Floreses") then filed a second civil lawsuit against Javier C. Gamez, Sandra Gamez, Andres Reyes, Johnny Cuevas, Hector R. Gonzales, and John Does, also alleging numerous tort theories and seeking actual, consequential, and exemplary damages. These two civil actions were then consolidated.

On October 25, 2007, the parties informed the trial court that they had settled all past, present, and future disputes and read their agreement into the record. *See* TEX. R. CIV. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."). That agreement called for (1) all parties to "execute global mutual releases of any and all claims alleged or not, known or unknown, and all things for anyone claiming through, by, or for them"; (2) Carlos T. Flores to pay Maria Elena Morales, trustee for Javier Gamez, a confidential sum of money within thirty days; (3) no civil claims by any named party to ever be brought against Carlos T. Flores or any of his attorneys; (4) the amount of the settlement to remain confidential; and (5) each side to bear his costs and attorneys' fees.

On January 14, 2008, the parties again appeared before the trial court and informed the court that they had a dispute over whether an indemnification clause should be included within the written settlement agreement. The Floreses wanted the indemnification clause included, but the other side would not agree to include it. Over objection, the trial court signed a final judgment, which in addition to dismissing all claims with prejudice and ordering that all parties take nothing, ordered the parties and their attorneys to sign a document attached to the judgment, entitled "Compromise

Settlement Agreement, Global Mutual, Full and Final Release of all Claims, and Indemnity Agreement."

On appeal, Javier C. Gamez, Andres Reyes, and Sandra Gamez ("the Gamezes") argue that the trial court erred in signing a judgment that added terms, to which the parties had not agreed, to the parties' rule 11 agreement. The Floreses did not file an appellees' brief.

A final judgment rendered upon a settlement agreement must be in strict and literal compliance with the agreement. *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 293 (Tex. 1976); *see Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006). A trial court has no power to supply terms, provisions, or conditions not previously agreed upon by the parties. *Donzis v. McLaughlin*, 981 S.W.2d 58, 63 (Tex. App.—San Antonio 1998, no pet.). And, if a trial court supplies terms, provisions, or conditions not previously agreed upon by the parties, we must reverse the judgment and remand the cause to the trial court for the entry of an agreed judgment that conforms to the terms of the parties' agreement. *Id.*

The Gamezes argue on appeal that the trial court erred in adding an indemnity provision to the written settlement agreement. They emphasize that pursuant to the rule 11 agreement, the parties agreed to a global mutual release of all claims; they did not agree to indemnify each other. A release and an indemnity agreement are different. An indemnity agreement is a promise by the indemnitor to safeguard or hold the indemnitee harmless against existing or future loss or liability, or both. *MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 63 (Tex. App.—San Antonio 2005, pet. denied); *see Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). An indemnity provision does not apply to claims between the parties to the agreement, but obligates the indemnitor to protect the indemnitee against claims brought by third parties. *MG*

*Bldg.*, 179 S.W.3d at 63. Thus, an indemnity agreement creates a potential cause of action in the indemnitee. *Id.* A release, on the other hand, is an agreement by one party to surrender its own cause of action against the other party. *Id.* at 64; *see Dresser Indus.*, 853 S.W.2d at 508. A release extinguishes any claim the releasormight have against the releasee without regard to the releasee's liability to third parties. *MG Bldg.*, 179 S.W.3d at 64. A release is an affirmative defense and must be pled. *Id.*; *see* TEX. R. CIV. P. 94. Thus, typical release language is "release, discharge, relinquish," while typical indemnity language is "indemnify, save, protect, save/hold harmless." *MG Bldg.*, 179 S.W.3d at 64.

Because the parties agreed to a mutual release and not to an indemnity agreement, the trial court erred in adding the indemnity provision to the written settlement agreement. We, therefore, reverse the trial court's judgment and remand the cause to the trial court for the entry of an agreed judgment that conforms to the terms of the parties' rule 11 agreement.

Karen Angelini, Justice