Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00069-CV

In the **INTEREST OF D.L.S**. and C.D.S., Minor Children

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 9612
Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:  January 26, 2011

REVERSED AND REMANDED

James Singleton appeals the trial court's order in a suit to modify the parent-child relationship. We reverse and remand.

## BACKGROUND

James Singleton and Rhonda Jones were divorced in 2002. The divorce decree named James and Rhonda joint managing conservators of their two children, with Rhonda having the right to designate the children's primary residence. James was ordered to pay child support. In 2007, James filed a motion to modify conservatorship, requesting he be given the right to designate the primary residence of the children and Rhonda be ordered to pay child support.

Rhonda filed a cross-motion, seeking an increase in child support. The matter was set for a trial on July 1, 2008.

The parties appeared on July 1, 2008, announced they had reached an agreement, and Rhonda's attorney read an agreement into the record that addressed a number of conservatorship and possession issues. There was no written settlement agreement introduced during the hearing. The agreement provided that Rhonda and James would remain joint managing conservators, but that each would have the right to designate the primary residence of one of the children. Rhonda's attorney stated "[c]hild support will calculate [sic] based on guideline support with each party paying guideline support to the other and whoever will pay more child support will pay the difference. We don't have an exact figure at this point." No evidence was introduced regarding either party's income or resources. Rhonda and James both acknowledged they agreed to the terms as stated. The trial court told James's attorney to prepare an order, but did not state it was rendering judgment.

Rhonda subsequently moved to enter judgment, and a hearing was held on November 24, 2009. At the beginning of the hearing, James's attorney informed the trial court that Rhonda's counsel had prepared an order and then stated:

> The one thing that I think that (or…) I have a real problem with is that there was never child support set. And in the mediation agreement it was said, well, if we can't agree on child support that it would be submitted to the court. And, of course, that's not set for today, but the motion to enter the decree is set. My client has some other objections to the order, and I would just simply request that perhaps we put him on the stand as to those objections. Now I don't know what we're going to do as far as child support goes and I don't know if the Court wants to hear that today. It's really not set for today.

Rhonda's counsel agreed there had not been any testimony regarding the figures to be used in setting child support. Rhonda's counsel explained that the figures in her proposed order were the

figures in a prior proposed order prepared by James's attorney. James's attorney then explained that James had lost his job since the July 2008 hearing, and requested that James be allowed to testify. The court refused to allow James to testify and stated that "[u]sually you don't have testimony when you enter a decree. We can just go back and look at the transcript. So he [James] can't give me new evidence today that wasn't presented at trial." The provisions of the order were discussed and James's attorney addressed his complaints with the proposed order.

The trial court signed the order on November 24, 2009, which states the order was judicially pronounced and rendered on June 1, 2008.[1] The order did not contain the signatures of the attorneys or the parties as approving the order and recites the case was submitted to the court for decision after hearing evidence and argument. The order decreed, among other things, James and Rhonda were each appointed the person with exclusive right to designate primary residence of one of the children, and sets out visitation. James was ordered to pay $586 per month in child support and Rhonda was ordered to pay $185.98 month. The order included an offset, which resulted in James owing Rhonda child support in the amount of $400.19 per month.

Although both parties were represented by counsel in the trial court, they appear pro se in this appeal. James complains the order signed on the suit to modify the parent-child relationship varied from or added to the terms of the agreement read into the record at the July 2008 hearing and there was no evidence to support the amounts ordered as child support. He further contends his trial counsel provided inadequate legal representation, and that his attorney, Rhonda, and Rhonda's attorney lied to the court regarding Rhonda's income, assets, and documentation relating to her income. James requests we issue sanctions against them.

---

[1] Although the order recites that it was judicially pronounced and rendered on June 1, 2008, the record indicates the hearing took place on July 1, 2008.

## DISCUSSION

### *Consent Judgment*

We must first determine whether the November 2009 order was a valid consent judgment. Rule 11 of the Texas Rules of Procedure controls agreements between parties in litigation. [2] *See Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984) ("compliance with Rule 11 is a general prerequisite for any judgment enforcing an agreement touching a pending suit"). The Rule provides:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

TEX. R. CIV. P. 11.

A judgment rendered on a Rule 11 settlement agreement must be "in strict or literal compliance" with the terms recited into the record and cannot remove or add material terms. *See Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006) (per curiam) (citing *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976) (per curiam)); *see also Wyss v. Bookman*, 235 S.W. 567, 569 (Tex. Com. App. 1921, holding approved); *Reppert v. Beasley*, 943 S.W.2d 172, 174 (Tex. App.—San Antonio 1997, no writ). When an agreement fails to include all necessary terms, the negotiations of the parties "never reached that final stage of meeting of minds upon all matters which is essentially necessary to an agreed judgment." *Wyss*, 235 S.W. at 569. Additionally, if a party withdraws its consent to the Rule 11 settlement agreement before judgment is rendered, a court is precluded from rendering a consent judgment. *Chisholm*, 209

---

[2] Although James refers to a mediated settlement agreement, there is no written mediation agreement in the record. As such, the provisions of the Texas Family Code, which address mediated settlement agreements in suits affecting the parent-child relationship, do not apply. *See* TEX. FAM. CODE ANN. §§ 6.602(b)-(c), 153.0071(d)-(e)(West 2008).

S.W.3d at 98 ("a court 'cannot render a valid agreed judgment absent consent at the time it is rendered'") (quoting *Padilla v. Lafrance*, 907 S.W.2d 454, 461 (Tex. 1995)); *Trevino v. Houston Orthopedic Ctr.*, 831 S.W.2d 341, 344 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("'powers of the judge, exercised by virtue of agreement of the parties, extend . . . to entering only such judgment as was a literal compliance with the agreement.'") (quoting *Wyss*, 235 S.W. at 569).

"When a consent judgment is rendered without consent or is not in strict compliance with the terms of the agreement, the judgment must be set aside." *Chisholm*, 209 S.W.3d at 98; *see also Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (If consent is lacking when the purported agreed judgment is rendered, the judgment must be reversed and remanded to the trial court.[3]). However, the parties cannot revoke their consent to the agreement once the trial court renders judgment based on a Rule 11 settlement agreement. *S & A Restaurant v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995). As a general rule, "[j]udgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk." *Id.* at 857. The trial court's words "must clearly indicate the intent to render judgment at the time the words are expressed." *Id.* at 858. A trial court's approval of a settlement does not necessarily constitute rendition of judgment. *Id.*; *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 484 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

At the November 2009 hearing, the trial court stated "[the judgment is] going to have to reflect what I ordered in court that day, so we want to make sure that whatever I sign is a reflection of what was ordered in court." The order recites it was judicially pronounced and rendered in 2008. The trial court's statements at the November 2009 hearing and the language of

---

[3] Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, the court may, on proper pleading, notice, and hearing, enforce a settlement agreement that complies with Rule 11 as a binding contract. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Padilla*, 907 S.W.2d at 462.

the order indicate the trial court believed judgment was rendered at the July 2008 hearing. But, the trial court did not expressly state on the record at the 2008 hearing that it was rendering judgment. Instead, after the agreement was read into the record, the court asked both parties if that was their agreement. The trial court then told Rhonda's counsel to prepare an order. Nothing said by the trial court in July 2008 indicated the intent to render judgment. *See S & A Restaurant*, 892 S.W.2d at 857-58. Additionally, the agreement read into the record at the July 2008 hearing failed to resolve the amount of child support to be paid by the parties. Thus, in 2008 there was no agreement as to the amount of child support and the trial court could not render a valid consent judgment. *See Chisholm*, 209 S.W.3d at 98; *Wyss*, 235 S.W. at 569.

We next consider whether the 2009 order was a valid consent judgment. Prior to the entry of the order, James objected on the record to numerous provisions in Rhonda's proposed order, including the amount of child support; therefore, James did not consent to the order. We hold the 2009 order was rendered without consent and must be set aside. *Chisholm*, 209 S.W.3d at 98; *Ford Motor Co.*, 279 S.W.3d at 663; *Padilla*, 907 S.W.2d at 462. Accordingly, we reverse the judgment and remand to the trial court for further proceedings.

### *Sanctions*

James also requests we sanction his attorney, Rhonda, and Rhonda's attorney for their conduct in the trial court. We decline to do so. The record before us does not support his claims.

We reverse and remand for further proceedings consistent with this opinion.

Steven C. Hilbig, Justice