

**NUMBER 13-10-00378-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERIC RAY CRUZ,                                     **Appellant,**

**v.**

KAYLA JANEL FRANKE CRUZ,                  **Appellee.**

### On appeal from the 36th District Court
### of Live Oak County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

This is an appeal from a divorce decree terminating the marriage of appellant, Eric Ray Cruz, and appellee, Kayla Janel Franke Cruz. By two issues, Eric argues that the trial court erred by: (1) entering a judgment that was inconsistent with the terms of a

settlement agreement the parties had previously agreed to; and (2) refusing to grant a motion to set aside, correct, reform or modify the judgment. We reverse and remand.

## I. BACKGROUND

Eric and Kayla were married on January 3, 2009. Kayla filed for divorce on February 16, 2010. During the marriage, the parties had a daughter, H.P.F., who was born on July 19, 2009. Prior to trial, the parties reached an agreement concerning conservatorship of H.P.F., retroactive child support, and retroactive medical expenses arising from H.P.F.'s birth. At trial on February 23, 2010, the parties proved up their agreement by sworn testimony pursuant to rule 11 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 11. Specifically, the parties agreed on the following seven material terms: (1) they would be joint managing conservators of H.P.F.; (2) Eric would pay $250 per month in child support; (3) because Eric had made no payments of child support prior to trial, he would pay $1,400 in retroactive child support; (4) Eric would pay retroactive medical expenses in the amount equal to half of the medical expenses arising from the birth of H.P.F.; (5) half of the medical expenses were calculated to be $2,400 if Kayla was covered by her father's health insurance, and $7,600 if she was not; (6) Kayla would verify payment of the medical expenses before Eric was obligated to pay any retroactive medical expenses; and (7) Eric would obtain health insurance for H.P.F. with a policy containing a deductible of $500 or less.

The final decree signed and entered by the trial court on April 21, 2010 modified or omitted certain material terms agreed to by the parties at the February 23, 2010 trial. Specifically, in contrast to the settlement agreement, the final decree provided that: (1) Eric would pay a set amount of $4,000 in retroactive medical expenses; and (2) Kayla was not required to verify payment of the medical expenses as a condition of Eric's

2

obligation to pay retroactive medical expenses.  Neither Eric nor his counsel signed or approved of the final decree.

Eric timely moved to modify, correct or reform the judgment, or in the alternative, for a new trial, and the motion was overruled by operation of law.  *See* TEX. R. CIV. P. 329b(c).  Eric then filed a motion to reconsider, which was also overruled by operation of law.  This appeal ensued.[1]

## II. DISCUSSION

In two issues, which we treat as one, Eric argues that the trial court erred when it rendered a final decree that modified and omitted terms of a rule 11 settlement agreement that the parties dictated in open court.  We agree.

Pursuant to rule 11, a settlement agreement between the parties is enforceable if dictated in open court and recited on the record.  TEX. R. CIV. P. 11.  When parties have reached a settlement agreement, a final judgment based on that agreement must be in "strict or literal compliance with that agreement."  *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976).  The trial court cannot supply, modify, or omit material terms to the settlement agreement.  *Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006).  In essence, the trial court must act in a ministerial capacity in signing and entering the settlement agreement.  *Nuno v. Pulido*, 946 S.W.2d 448, 451 (Tex. App.– Corpus Christi 1997, no writ).  Furthermore, a court cannot enter a final judgment based on a settlement agreement when consent of one of the parties is wanting; the parties must consent at the moment the court signs and enters the final judgment based on a settlement agreement.  *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951).  Thus, when a final judgment based on a settlement agreement is without consent, or is not in

---

[1] Kayla has not filed an appellee's brief to assist us in the resolution of this matter.

3

strict compliance with the terms of the settlement agreement recited on the record, the judgment must be set aside. *Chisholm*, 209 S.W.3d at 98.

In the case at bar, the trial court erred when it rendered a judgment that did not strictly or literally comply with the rule 11 settlement agreement that the parties had reached on February 23, 2010. The final judgment erroneously modified or omitted two material terms of the agreement without Eric's consent. *See Burnaman*, 240 S.W.2d at 291. First, the decree modified the total amount due in retroactive medical expenses— according to the agreement, Eric was responsible for $2,400 or $7,600 in expenses, depending on whether Kayla was covered by her father's health insurance policy; but the final decree provided that Eric was responsible for a set amount of $4,000 in retroactive medical expenses. Second, the decree did not provide, as the agreement did, that Eric's responsibility for paying retroactive medical expenses was conditioned on Kayla's providing verification that those amounts had been paid. The final judgment was not in strict or literal compliance with the settlement agreement, and must therefore be set aside. *See Chisholm*, 209 S.W.3d at 98.

## III. CONCLUSION

For the reasons stated above, we reverse the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
30th day of June, 2011.

4