NUMBER 13-10-00378-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

ERIC RAY CRUZ,                                                                          Appellant,

 

v.

 

KAYLA JANEL FRANKE CRUZ,                                                 
Appellee.

                                                                                                                             

 

On appeal from the 36th District Court

of Live Oak County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Garza 

 

This is an appeal
from a divorce decree terminating the marriage of appellant, Eric Ray Cruz, and
appellee, Kayla Janel Franke Cruz.  By two issues, Eric argues that the trial
court erred by:  (1) entering a judgment that was inconsistent with the terms of
a settlement agreement the parties had previously agreed to; and (2) refusing
to grant a motion to set aside, correct, reform or modify the judgment.  We
reverse and remand.

I.  Background

Eric and Kayla were
married on January 3, 2009.  Kayla filed for divorce on February 16, 2010. 
During the marriage, the parties had a daughter, H.P.F., who was born on July
19, 2009.  Prior to trial, the parties reached an agreement concerning
conservatorship of H.P.F., retroactive child support, and retroactive medical
expenses arising from H.P.F.’s birth.  At trial on February 23, 2010, the
parties proved up their agreement by sworn testimony pursuant to rule 11 of the
Texas Rules of Civil Procedure.  See Tex.
R. Civ. P. 11.  Specifically, the parties agreed on the following seven
material terms:  (1) they would be joint managing conservators of H.P.F.; (2)
Eric would pay $250 per month in child support; (3) because Eric had made no
payments of child support prior to trial, he would pay $1,400 in retroactive
child support; (4) Eric would pay retroactive medical expenses in the amount
equal to half of the medical expenses arising from the birth of H.P.F.; (5)
half of the medical expenses were calculated to be $2,400 if Kayla was covered
by her father’s health insurance, and $7,600 if she was not; (6) Kayla would
verify payment of the medical expenses before Eric was obligated to pay any
retroactive medical expenses; and (7) Eric would obtain health insurance for
H.P.F. with a policy containing a deductible of $500 or less.

            The final
decree signed and entered by the trial court on April 21, 2010 modified or
omitted certain material terms agreed to by the parties at the February 23,
2010 trial.  Specifically, in contrast to the settlement agreement, the final
decree provided that:  (1) Eric would pay a set amount of $4,000 in retroactive
medical expenses; and (2) Kayla was not required to verify payment of the
medical expenses as a condition of Eric’s obligation to pay retroactive medical
expenses.  Neither Eric nor his counsel signed or approved of the final decree.

            Eric
timely moved to modify, correct or reform the judgment, or in the alternative,
for a new trial, and the motion was overruled by operation of law.  See Tex. R. Civ. P. 329b(c).  Eric then
filed a motion to reconsider, which was also overruled by operation of law. 
This appeal ensued.[1]

II. 
Discussion

In two issues, which
we treat as one, Eric argues that the trial court erred when it rendered a final
decree that modified and omitted terms of a rule 11 settlement agreement that
the parties dictated in open court.  We agree.

Pursuant
to rule 11, a settlement agreement between the parties is enforceable if
dictated in open court and recited on the record.  Tex.
R. Civ. P. 11.  When parties have reached a settlement
agreement, a final judgment based on that agreement must be in “strict or literal
compliance with that agreement.”  Vickrey v. Am. Youth Camps, Inc., 532
S.W.2d 292, 292 (Tex. 1976).  The trial court cannot supply, modify, or omit
material terms to the settlement agreement.  Chisholm v. Chisholm, 209
S.W.3d 96, 98 (Tex. 2006).  In essence, the trial court must act in a
ministerial capacity in signing and entering the settlement agreement.  Nuno
v. Pulido, 946 S.W.2d 448, 451 (Tex. App.–Corpus Christi 1997, no writ).  Furthermore, a court cannot enter a final judgment based
on a settlement agreement when consent of one of the parties is wanting; the
parties must consent at the moment the court signs and enters the final
judgment based on a settlement agreement.  Burnaman v. Heaton,
240 S.W.2d 288, 291 (Tex. 1951).  Thus, when a final
judgment based on a settlement agreement is without consent, or is not in
strict compliance with the terms of the settlement agreement recited on the
record, the judgment must be set aside.  Chisholm, 209 S.W.3d at 98.

In the case at bar,
the trial court erred when it rendered a judgment that did not strictly or
literally comply with the rule 11 settlement agreement that the parties had
reached on February 23, 2010.  The final judgment erroneously modified or
omitted two material terms of the agreement without Eric’s consent.  See Burnaman,
240 S.W.2d at 291.  First, the decree modified the total amount due in
retroactive medical expenses—according to the agreement, Eric was responsible
for $2,400 or $7,600 in expenses, depending on whether Kayla was covered by her
father’s health insurance policy; but the final decree provided that Eric was
responsible for a set amount of $4,000 in retroactive medical expenses. 
Second, the decree did not provide, as the agreement did, that Eric’s
responsibility for paying retroactive medical expenses was conditioned on
Kayla’s providing verification that those amounts had been paid.  The final
judgment was not in strict or literal compliance with the settlement agreement,
and must therefore be set aside.  See Chisholm, 209 S.W.3d at 98.

III. 
Conclusion

For the
reasons stated above, we reverse the judgment and remand the cause to the trial
court for
further proceedings consistent with this opinion.

                                                                                                

                                                                                                

DORI
CONTRERAS GARZA

                                                                                                Justice

 

Do
not Publish. 

Tex. R. App. P.
47.2(b)

Delivered and
filed the 

30th day of June,
2011.









[1]
Kayla has not filed an appellee’s brief to assist us in the resolution of this
matter.