**Opinion issued April 20, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00334-CV

————————————

**THE STATE OF TEXAS, ACTING BY AND THROUGH THE ATTORNEY GENERAL, ON BEHALF OF THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, Appellant**

**V.**

**BRAZORIA COUNTY AND DANIEL INFANTE, HUMBERTO LUMBRERO, ISIDRO DEJESUS LUNA, AND MA DEJESUS LUNA, Appellees**

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Case No. 82523-CV

## O P I N I O N

Appellee Brazoria County ("the County") filed an environmental enforcement action against pro se appellees Daniel Infante, Humberto Lumbrero,

Isidro DeJesus Luna, and Ma DeJesus Luna (collectively, "the defendants"), for violations of state and county regulations regarding sewage disposal and the use of on-site sewage facilities, and it named the Texas Commission on Environmental Quality ("TCEQ") as a necessary and indispensable party to the lawsuit pursuant to Texas Water Code section 7.353. The State of Texas, acting by and through TCEQ, appeared in the case as an aligned-party plaintiff. The County and the defendants then negotiated and presented to the trial court a series of "Agreed Judgments." The State objected to these agreed judgments, and the trial court overruled the State's objections and entered final judgment resolving the case and attaching the agreed judgments as exhibits to its judgment.

The State appeals, arguing that (1) the trial court committed reversible error in rendering judgment because the State is a necessary and indispensable party and it neither agreed to nor signed the "agreed" judgments on which the final judgment was based; and (2) the judgment is invalid because the requirements of Water Code section 7.110 for notice and publication in the *Texas Register* have not been met. We conclude that, because the State did not consent to the "agreed judgments" that formed the basis of the trial court's final judgment and, because no other proceedings had occurred to resolve the merits of the case, the trial court erred in rendering its judgment. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

2

## Background

The County filed an environmental enforcement action against the defendants, alleging violations of various state and county regulations governing the disposal of raw sewage, on-site sewage facilities, and floodplain management rules. The County named TCEQ as a necessary and indispensable party to the enforcement action. The County also attached exhibits to the petition, including copies of the defendants' deeds, a certified copy of the Brazoria County Commissioners' Court order authorizing the district attorney to file the suit, and the affidavit of an inspector for the County's Environmental Health Department detailing the conditions that she and a fellow inspector had observed on the defendants' properties.

The State of Texas, acting by and through TCEQ, filed an appearance, aligning itself as a party plaintiff. The notice of appearance stated that the State's attorney "should be added to all party lists and served with copies of all pleadings, notices, orders, and discovery as required by the Texas Rules of Civil Procedure." Finally, the notice stated,

> the TCEQ requests judgment for one-half of all civil penalties awarded in this case pursuant to Texas Water Code [section] 7.107. In the event the court awards civil penalties in this matter, the TCEQ further requests its reasonable attorney's fees, court costs, and reasonable investigative costs pursuant to Texas Water Code [section] 7.108 and Texas Government Code [section] 402.006(c).

All parties signed a series of agreed temporary injunctions, designed to bring the defendants' properties into compliance with the state and county rules, and trial was set for November 9, 2015.

The County and the State, "acting by and through the [TCEQ]," subsequently filed a joint motion for continuance, stating that the parties were "working towards a resolution and request more time to complete settlement discussions." The joint motion for continuance also stated, "In the event that a settlement is reached, the State requires at least 60 days for managerial approval of the settlement and publication of the proposed agreed final judgment in the *Texas Register*." The trial court never ruled on the motion for continuance. The parties represent in their appellate briefs that they attended a hearing before the trial court on November 9, 2015, in which the County and the defendants presented the trial court with a series of agreed judgments, signed by the County and the defendants, but not signed by the State, purportedly resolving all of the issues in the case.

On January 21, 2016, the State filed its "Objection to Proposed Agreed Final Judgment and Permanent Injunction." The State contended that certain statutory prerequisites had not been met, specifically asserting that it was required to obtain approval of any agreed final judgment from TCEQ and the Office of the Attorney General and that any approved agreed final judgment "must be published in the *Texas Register* for notice and comment for a minimum of 30 days." *See* TEX.

4

WATER CODE ANN. § 7.110 (West 2008). The State further argued that it "was not given an opportunity to fully negotiate the terms and form of the proposed judgment before it was presented to and signed by each of the defendants." It specifically argued that it "was not given the opportunity to negotiate the amount of civil penalties awarded in the case" and that "[t]he proposed agreed final judgment does not assess any civil penalties against the defendants for the violations cited in this case."

The County responded and requested "that the Court enter the Agreed Final Judgment and Permanent Injunction proposed by Brazoria County." The County asserted that the State had been given an opportunity to negotiate and that the State never raised specific concerns regarding its lack of opportunity to negotiate, the lack of time to review the proposed judgments, or the lack of civil penalties assessed in the agreed judgments.

On January 25, 2016, the trial court overruled the State's objection and signed its "Final Judgment and Permanent Injunction Orders." The final judgment stated that "Plaintiffs, Brazoria County and the State of Texas, acting by and through the [TCEQ], a Necessary and Indispensable Party, and [the defendants], submitted to this Court the following Final Judgment and Permanent Injunction Orders disposing of all matters." The final judgment also stated that the "Agreed Final Judgment and Permanent Injunction Orders for each Defendant have been

executed in multiple parts, which together shall constitute a single judgment" and that the referenced exhibits "together memorialize the disposition of all claims and all parties."

Attached to the final judgment were three exhibits containing the Agreed Final Judgments and Permanent Injunction Orders ("Agreed Judgments"). Each of these Agreed Judgments was signed by the County and the applicable defendant and contained a line for the signature of the State's attorney. None of the Agreed Judgments were signed by the State. Nevertheless, each of these Agreed Judgments referred to the State as a "Necessary and Indispensable Party" and contained a statement that "[b]y presenting this Agreed Final Judgment to the Court, Plaintiff, the State of Texas, announces that it has published notice of this Agreed Final Judgment and Permanent Injunction Order . . . in the *Texas Register* for thirty (30) days, as required by Texas Water Code Section 7.110, and received no comments that the proposed settlement is inappropriate, improper, inadequate, or inconsistent with applicable law." And each of the Agreed Judgments purported to finally settle the claims of both the County and the State against each defendant, setting out agreed findings and a permanent injunction order.

Nothing in the record indicates that evidence regarding the underlying claims was presented to the trial court. No dispositive motion, such as a motion for

summary judgment or motion to dismiss, appears in the record. No trial or evidentiary hearing occurred.

The State moved for a new trial, arguing that the trial court's rendering final judgment based on the Agreed Judgments without the State's consent and without satisfying the proper statutory prerequisites to entry of an agreed judgment was improper. As exhibits to its motion, the State attached the objection to the proposed Agreed Judgments that was on file at the time the trial court rendered judgment, the trial court's order overruling the State's objections, and a "Certification of the Absence of Publication," filed by the director of the Government Filings Section of the Office of the Texas Secretary of State, stating that there was no record of the publication of a proposed Agreed Judgment for this case. The trial court held a hearing and subsequently denied the motion for new trial. This appeal followed.

## Validity of the Trial Court's Judgment

In its first issue, the State argues that the trial court committed reversible error when it rendered, over the State's objection, a final judgment based on the Agreed Judgments between the County and the defendants because the State was a necessary party and did not consent to the Agreed Judgments. In its second issue, the State argues that the final judgment in this case does not comply with the public notice and comment requirements set out in the Water Code.

7

A court cannot render a valid agreed judgment absent consent of the parties at the time the judgment is rendered. *Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006); *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *see also Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983) (holding that power to render agreed judgment depends upon "the substance of the consent" at time judgment is rendered and that no such judgment ought to be rendered when trial court has knowledge that party does not consent). When an agreed judgment is rendered without consent or is not in strict compliance with the terms of that agreement, the judgment must be set aside. *Chisholm*, 209 S.W.3d at 98.

Here, TCEQ was named in the pleadings as a necessary and indispensable party. *See* TEX. WATER CODE ANN. § 7.353 (West 2008) ("In [an enforcement action] brought by a local government under this subchapter, the commission is a necessary and indispensable party."). The State, acting by and through TCEQ, filed an appearance and otherwise participated in the suit, and no party on appeal challenges the State's continued participation as a party to the suit. Although the County and each of the defendants agreed to the Agreed Final Judgment and Permanent Injunction Orders, it is undisputed that the State did not agree to or sign the Agreed Judgments. Rather, the State filed an objection to the Agreed Judgments, which the trial court overruled at the time it rendered its final judgment based on the Agreed Judgments between the County and the defendants. Thus, one

8

party to the suit did not consent to the Agreed Judgments underlying the final judgment at the time it was rendered, and the judgment must be set aside. *See Chisholm*, 209 S.W.3d at 98.

The County argues that the trial court did not err because its judgment was not an agreed judgment, but rather a final judgment rendered over the State's objections. It relies upon *Oryx Energy Co. v. Union National Bank of Texas* to support its contention in its appellate brief that even if a judgment "described itself as an 'Agreed Judgment,' the name on the [document] does not control." *See* 895 S.W.2d 409, 416 (Tex. App.—San Antonio 1995, writ denied) ("A party may not attack a judgment to which it has agreed, absent allegation and proof of fraud, collusion, or misrepresentation. However, the notation 'Approved,' with nothing more, does not establish a consent judgment."). Here, the final judgment itself states that it was rendered based on the Agreed Judgments entered into by the County and the defendants and attached as exhibits to the final judgment. Thus, in contrast to *Oryx Energy*, the judgment here contains more than just a simple, isolated notation that the judgment was an "agreed" judgment. *See id.* at 416–17 (holding that notation "Approved and Agreed" on trial court's order was insufficient to demonstrate that party had agreed to entry of summary judgment against it). And the record does not indicate any other basis on which the trial court could have rendered judgment, as no dispositive motions were filed and no trial or

other evidentiary hearing was ever held. *See Quintero*, 654 S.W.2d at 444 (holding, when "[t]he joint motion to dismiss was the only pleading before the court upon which the judgment of dismissal could have been rendered," that "the only question before the trial court was whether all the parties consented to the judgment at the time it was rendered").

Thus, the language of the final judgment and the record on appeal demonstrate that the final judgment was based on a purported agreement among the parties, and, because the State did not consent to the Agreed Judgments at the time the judgment was rendered, the judgment was improper. *See Chisholm*, 209 S.W.3d at 98; *Quintero*, 654 S.W.2d at 444.

The County further argues that the trial court was entitled to render judgment in this case because there were no disputed facts, and it asserts that the judgment "is fully supported by the pleadings and undisputed facts of the case." While the Rules of Civil Procedure do allow for the summary disposal of cases in which there are no disputed facts, those procedures were not used in this case, in which judgment was rendered solely on the basis of the agreement between the County and the defendants over the State's objection. *See, e.g.*, TEX. R. CIV. P. 166a (setting out rules governing summary judgment proceedings). Furthermore, the State's objection to the Agreed Judgments indicates that at least one issue—the

assessment of civil penalties against the defendants for their alleged violations—remains in dispute.

The County also argues that we should "presume that the lower court found all of the facts necessary to support its judgment," citing *Chang v. Nguyen*, 81 S.W.3d 314 (Tex. App.—Houston [14th Dist.] 2001, no pet.). However, this presumption only arises when, as in *Chang*, a matter is tried to the bench, the appellant does not request findings of fact and conclusions of law, and no findings or conclusions are filed. *See* 81 S.W.3d at 317–18. No such trial occurred here.

Furthermore, the Agreed Judgments, as incorporated into the trial court's final judgment, erroneously state that "[b]y presenting this Agreed Final Judgment to the Court, Plaintiff, the State of Texas, announces that it has published notice of this Agreed Final Judgment and Permanent Injunction Order . . . in the *Texas Register* for thirty (30) days, as required by Texas Water Code Section 7.110," and that the State "received no comments that the proposed settlement is inappropriate, improper, inadequate, or inconsistent with applicable law." Both the State's objection, on file with the trial court at the time it rendered judgment, and the "Certification of the Absence of Publication" provided by the director of the Government Filings Section of the Office of the Texas Secretary of State, stating that there was no record of the publication of a proposed Agreed Judgment for this case, demonstrate that none of the parties had complied with these requirements.

11

We sustain the State's issues on appeal. The final judgment in this case, based on the purported Agreed Judgments, was rendered without the State's consent and must be set aside. *See Chisholm*, 209 S.W.3d at 98.

**Conclusion**

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Huddle.