**Opinion issued May 7, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00159-CV

————————————

**DONALD E. SPENCER, Appellant**

**V.**

**GC SERVICES LIMITED PARTNERSHIP AND ROSS, BANKS, MAY, CRON & CAVIN, P.C., Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-83448**

---

## MEMORANDUM OPINION

Donald Spencer sued Ross, Banks, May, Cron & Cavin, P.C. ("Ross Banks") and GC Services Limited Partnership ("GC Services") after the United

States Department of Education ("the Department") denied Spencer's hardship application concerning repayment of his federal student loans and issued a writ of garnishment directed to Ross Banks, his former employer. Spencer asserted causes of action for negligence, gross negligence, fraud, negligent misrepresentation, retaliation, discrimination, and intentional infliction of emotional distress against Ross Banks and a cause of action for fraud against GC Services. Both Ross Banks and GC Services moved for summary judgment, and the trial court rendered summary judgment in favor of both defendants. In two issues, Spencer contends that the trial court erred (1) in granting Ross Banks's no-evidence motion for summary judgment because Ross Banks filed its motion before an adequate time for discovery had passed and (2) in granting GC Services' motion for summary judgment because he presented evidence raising material fact issues on his fraud claim.

We affirm.

## Background

Spencer worked as a legal assistant at Ross Banks from March 2002 until July 2009. Spencer had approximately $21,000 in outstanding federal student loan debt, but the Department had granted him a financial hardship deferment for 2004 through 2006. On January 10, 2008, the Department issued a wage garnishment order to Ross Banks, directing it to withhold 15% of Spencer's disposable income

and pay that amount to the Department to satisfy Spencer's student loan debt. Spencer requested a hearing on this decision, arguing that he qualified for the hardship deferment, but the Department hearing officer upheld the original determination.

Spencer then sued both Ross Banks and GC Services, a company that contracts with the Department to assist in the collection of student-loan debt, on December 28, 2010.[1] Spencer alleged that Ross Banks, "knowing that Spencer disputed the garnishment and had qualified for hardship on two previous attempts to garnish, continued to take disciplinary action in the form of garnishing wrong amounts beginning in February 2008 through July 2009." Spencer also alleged that GC Services "intentionally failed to put Spencer's proof of income before the hearing officer of [the Department] and therefore received the Wage Garnishment Order that was given and wrongly implemented by Ross Banks" and "continued to fraudulently sabotage Spencer's appeal process in not directing proof of income and expenses to the appeal officer as required in a hardship application."

Spencer asserted causes of action for negligence, gross negligence, fraud, retaliation, discrimination, negligent misrepresentation, and intentional infliction of emotional distress. With respect to his fraud claim, Spencer alleged that "[t]he

---

[1] Spencer later amended his petition to add the Department as a defendant, but there is no indication in the record that citation was ever issued and served upon the Department.

3

misrepresentations that Spencer relied upon involve believing that a hardship would not involve the employer and therein the employer would not be burdened with implementing a garnishment." Spencer also alleged, with respect to his negligent misrepresentation claim, that "GC [Services] represented to Spencer that it would assist in Spencer's hardship application on the garnishment issue."

Ross Banks answered on May 16, 2011. Ross Banks subsequently moved for no-evidence summary judgment on August 30, 2011. In its summary judgment motion, Ross Banks stated, "A Court may grant a no-evidence motion for summary judgment if the Movants can show that adequate time for discovery had passed and the Non-Movant has no evidence to support one or more essential elements of its claim or defense. An adequate time for discovery has passed." (Internal citations omitted.) Ross Banks specifically identified each element of each of Spencer's asserted causes of action and stated that Spencer could not provide any evidence to support any of these elements.

Less than a month later, on September 21, 2011, Ross Banks moved for protection from discovery, arguing that Spencer's discovery requests were harassing, overbroad, and not reasonably tailored to "include only relevant matters." Ross Banks requested that the trial court order Spencer to redraft his discovery requests such that "only issues pertinent to this lawsuit are included in the discovery requests."

On September 29, 2011, Spencer filed a verified motion for continuance. Spencer pointed out that the discovery period was scheduled to end on January 6, 2012, and Ross Banks had moved for no-evidence summary judgment on August 30, 2011, less than four months after it had answered. He stated that he "needs time to conduct discovery" and that Ross Banks would not be prejudiced by a continuance. He further stated, "With no discovery produced from the Defendant, Plaintiff has requested discovery from the Defendant and Plaintiff needs additional time to secure it." Spencer requested that the trial court allow the discovery period to continue and that it postpone a hearing on Ross Banks's summary judgment motion until the completion of discovery.

The next day, on September 30, 2011, the trial court granted Ross Banks's motion for no-evidence summary judgment. The trial court subsequently granted Ross Banks's motion for protection on October 11, 2011.

Spencer moved for a new trial and argued that the trial court erred in granting summary judgment because the discovery period was still open when Ross Banks filed its summary judgment motion, and Spencer had not yet served his first set of discovery requests upon Ross Banks. He argued that Ross Banks made no showing that the trial court should shorten the discovery period, nor did it "show anything involving discovery time and adequacy." The trial court denied this motion.

On December 15, 2011, GC Services moved for both traditional and no-evidence summary judgment. GC Services' summary judgment evidence included excerpts from Spencer's deposition, the Department's 2008 wage garnishment order, the August 12, 2008 garnishment hearing decision, and an affidavit from Denise Bolton, GC Services' Area Manager of Garnishment.

With respect to Spencer's fraud claim, GC Services noted that this claim "involves an allegation that GC Services promised [Spencer that] GC Services would do something in the future." Specifically, Spencer claimed in his deposition that GC Services "made him believe" that it was going to "handle" his 2008 hardship application, and then GC Services "didn't submit documents to the Department of Education." Thus, because this claim involved a promise to do a future act, to be entitled to relief, Spencer had to prove that at the time GC Services allegedly made this representation, it had no intention of "handling" Spencer's hardship application in the future. In support, GC Services argued,

> Plaintiff admits GC Services never told Plaintiff [that] GC Services knew at the time it allegedly represented it would handle his hardship application that it was not going to process Plaintiff's application. In addition to not having any witness who will testify in support of Plaintiff's claims, Plaintiff also admitted there are no documents Plaintiff claims support his subjective belief that GC Services had no intention of performing the promises Plaintiff claims GC Services promised.

GC Services also moved for no-evidence summary judgment, arguing that Spencer could produce no evidence in support of any element of fraud.

6

In his deposition, Spencer acknowledged that he had no written evidence from GC Services that he "sent [it] something that [it] did not send to the Department of Education" and that he has not spoken to anyone at GC Services who has told him that "anything other than everything [he] submitted to [it] was submitted to the Department of Education, that is[,] that [it] withheld any documentation." GC Services included, as summary judgment evidence, the following deposition excerpt:

| | |
|---|---|
| [GC Services' counsel]: | Do you have any evidence in the form of anything in writing or any person who would testify that even if GC, as you claim, negligently failed to turn things over to the Department of Education that it went beyond that, that when somebody told you they were going to turn things over to the Department of Education they knew at the time they weren't going to do it? That is they committed a fraud? |
| [Spencer]: | Not in so many words, no. |

When later asked, "Do you have a document that you say shows that when somebody told you they were going to turn over your documents they had no intention of doing so?" Spencer responded, "No." Spencer also acknowledged that when he sent documents to GC Services to be passed along to the Department hearing officer, he was also "sending [the relevant documents] to the Department of Education directly."

Denise Bolton averred that GC Services works with the Department on student-loan accounts that the Department has determined are subject to garnishment. When an account is subject to garnishment, GC Services notifies the borrower that he must either enter repayment or apply for a hardship exception. GC Services tells the borrower to submit "his completed application and financial statement documents directly to" the Department, but if the borrower sends this documentation to GC Services instead, "GC Services forwards the borrower's financial documents to the Department of Education when the borrower notifies GC specifically that the borrower requests a rehearing or appeals the Department of Education's hearing officer's decision." In those instances, GC Services forwards the information to the assigned hearing officer "with a note instructing the hearing officer to add the documents to the borrower's file." Bolton stated, "There is no indication in GC Services' account notes or file, as it relates to Plaintiff's defaulted student loan obligations, that shows GC Services failed to forward any documents Plaintiff submitted to GC Services in order to appeal the hearing officer's decision on Plaintiff's request for hardship status." She further averred that GC Services did not make any representations to Spencer that it was working for him and that it did not make "any misrepresentations regarding GC Services' intent not to forward Plaintiff's hardship documents" to the Department.

In response to GC Services' summary judgment motion, Spencer attached his own affidavit. He averred that GC Services notified him on July 13, 2006, that it would be handling his hardship application. At a hearing on December 17, 2007, his hardship application was denied, and although he had sent in "income documentation" with his application, "[i]ncome documentation was missing from evidence considered at the hearing." After he requested a rehearing of this decision, he sent "5 letters to GC outlining hardship" and "none of [those] letters and proof of income were considered in the [hearing officer's] decision" to uphold the original determination. Spencer also argued in his response that "GC's fraud was relied upon by Spencer in that Spencer sent 5 letters to GC in 2008. These letters were crying out that Spencer was in hardship. Spencer knowing he is in hardship relied upon the false misrepresentation by GC by continuing to send letters to GC and [the Department]."

Prior to the summary judgment hearing, Spencer non-suited all of his causes of action against GC Services except the fraud claim. The trial court held a hearing on GC Services' motion and took the motion under advisement before ultimately granting the motion.[2] The summary judgment order did not specify the grounds on which the court granted the motion. This appeal followed.

---

[2] In his brief, Spencer argues that, at this hearing, the trial court stated, "There are material fact issues that preclude summary judgment." The record reflects that at the hearing, GC Services' counsel stated at one point, "Who knows exactly what it

## Standard of Review

We review de novo the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a party moves for both traditional and no-evidence summary judgment, we first review the trial court's ruling under the no-evidence standard of review. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the trial court properly granted the no-evidence motion, we do not consider the arguments raised regarding the traditional summary judgment motion. *Id.*

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *see Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court must grant the motion unless the nonmovant presents more than a scintilla of evidence raising a fact issue on the challenged elements. *Flameout Design & Fabrication*, 994 S.W.2d at 834; *see also Goodyear Tire & Rubber Co.*

is [the hearing officer] considered," and the trial court responded, "[Well], when you start talking about ['] who knows,['] then you're talking about fact issues."

*v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) ("An appellate court reviewing a summary judgment must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented."). To determine if the nonmovant raises a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2001) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)).

To prevail on a traditional summary judgment motion, the movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). When, as here, the trial court's summary judgment order does not state the basis for the court's decision, we must uphold the judgment if any of the theories advanced in the motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## Adequate Time for Discovery

In his first issue, Spencer contends that the trial court erred in rendering summary judgment in favor of Ross Banks because Ross Banks filed its no-evidence summary judgment motion before the expiration of the discovery period. We construe Spencer's argument as complaining that the trial court erroneously denied his verified motion for continuance and, thus, erroneously proceeded to rule upon Ross Banks's no-evidence summary judgment motion.

Rule 166a(i) provides that a party may move for no-evidence summary judgment "[a]fter adequate time for discovery." TEX. R. CIV. P. 166a(i); *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, he must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). Filing a verified motion for continuance preserves the party's objection to the summary judgment. *See Tempay, Inc. v. TNT Concrete & Constr., Inc.*, 37 S.W.3d 517, 521 (Tex. App.—Austin 2001, pet. denied). An order granting a motion for summary judgment impliedly denies the opposing party's motion for continuance. *See West v. SMG*, 318 S.W.3d 430, 436 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 114 (Tex. App.—Waco

12

1999, no pet.) ("[W]e conclude that the trial court's granting of Bank One's summary judgment creates an inference that the court implicitly overruled Williams's motion for continuance."). We review questions of whether the trial court erroneously denied a motion for continuance and of whether the trial court's rendition of summary judgment was improper because an adequate time of discovery had not yet passed for an abuse of discretion. *See Carter v. MacFadyen*, 93 S.W.3d 307, 310–11 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

Rule 166a(i) does not require that discovery be completed before a party may move for no-evidence summary judgment; instead, the trial court may grant such a motion after "adequate time" for discovery has passed. *See Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex. App.—Texarkana 1998, orig. proceeding). When determining whether adequate time for discovery has elapsed, we consider: (1) the nature of the cause of action; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case has been active in the trial court; (4) the amount of time the no-evidence motion has been on file; (5) whether the movant has requested stricter time deadlines for discovery; (6) the amount of discovery that has already taken place; and (7) whether the discovery deadlines that are in place are specific or vague. *Madison*, 241 S.W.3d at 155; *Fuqua*, 29 S.W.3d at 145 (citing *Dickson Constr.,*

13

*Inc. v. Fid. & Deposit Co. of Md.*, 5 S.W.3d 353, 356 (Tex. App.—Texarkana 1999, pet. denied)); *see also Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (considering following nonexclusive factors when deciding whether trial court abused its discretion in denying motion for continuance seeking additional time to conduct discovery: length of time case has been on file, materiality and purpose of discovery sought, and whether party seeking continuance has exercised due diligence to obtain discovery sought). When a party moves for no-evidence summary judgment before the end of the specified discovery period, "our principal task is to determine if [the] record provides support for the trial court's consideration of a no-evidence summary judgment motion" before the end of the designated discovery period. *McInnis v. Mallia*, 261 S.W.3d 197, 200 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

In contending on appeal that the trial court erred in granting summary judgment, Spencer states only that Ross Banks filed its no-evidence summary judgment motion "long before the discovery period was complete" and that "[t]here had not been adequate time for discovery." Spencer does not address any of the factors that courts consider when determining whether adequate time for discovery has passed.[3] Spencer does not argue that his case is complex, nor does

---

[3] Spencer did not address these factors in his motion for continuance either. Instead, he stated that "[s]ome discovery has been completed," that he "needs time

he state what discovery was needed in order to controvert Ross Banks's no-evidence summary judgment motion. He does not state what discovery had already been conducted, nor does he identify the additional discovery yet to be completed and why he could not obtain that discovery before submission of the summary judgment motion. He does not argue or explain why the time that he did have to conduct discovery was inadequate. We therefore conclude that Spencer has failed to demonstrate that the trial court abused its discretion in implicitly denying his motion for continuance and ruling on the merits of Ross Banks's no-evidence summary judgment motion. *See Madison*, 241 S.W.3d at 155 (considering fact that appellant "made no effort to specify the additional evidence she needed to respond to the motion, or the reason she could not obtain it during the discovery period" when determining appellant had adequate time for discovery); *Robertson v. Sw. Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.) ("[A]ppellant has made no effort to discuss any of the relevant factors. She does not state how much time she had for discovery, what discovery was completed, what further discovery was needed or otherwise argue why the time was not adequate. We will not make appellant's arguments for her."); *see also Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 346 (Tex.

---

to conduct discovery," and that Ross Banks "will not be prejudiced by the continuance."

15

App.—Houston [14th Dist.] 2008, pet. denied) ("[T]he appellant bears the burden to establish error in the trial court's judgment.").

We overrule Spencer's first issue.[4]

## Fraud

In his second issue, Spencer contends that he presented evidence raising a material fact issue with respect to his fraud claim against GC Services, and, therefore, the trial court erroneously rendered summary judgment in favor of GC Services. GC Services argues, in response, that we must affirm the summary judgment because Spencer failed to attack all independent grounds presented in its summary judgment motion. We agree with GC Services.

As we noted above, when the trial court does not state the basis for its decision in the summary judgment order, we must uphold the judgment if any of the theories advanced in the summary judgment motion are meritorious. *See Knott*, 128 S.W.3d at 216. Thus, on appeal, the appellant must negate all grounds that support the judgment. *See Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 386 (Tex. App.—El Paso 2009, no pet.) (citing *Star-Telegram, Inc. v.*

---

[4] Spencer also contends, in his first issue, that Ross Banks violated Texas Rule of Civil Procedure 191.2 when it filed a discovery motion that did not include a certificate of conference. *See* TEX. R. CIV. P. 191.2 ("All discovery motions . . . must contain a certificate by the party filing the motion . . . that a reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed."). Spencer does not cite any authority for the proposition that failure to comply with Rule 191.2 provides a basis for reversing the rendition of summary judgment.

*Doe*, 915 S.W.2d 471, 473 (Tex. 1995)).  If the appellant does not negate each ground on which the judgment may have been rendered, we must uphold the summary judgment.  *See id.* (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).  "When a ground upon which summary judgment may have been rendered, whether properly or improperly, is not challenged, the judgment must be affirmed."  *Id.* (citing *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied)); *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment.  If an appellant does not, then we must affirm the ruling or judgment.").

One of the grounds on which GC Services moved for both traditional and no-evidence summary judgment was that Spencer could produce no evidence that at the time GC Services allegedly told Spencer that it would "handle" his hardship application, it did not intend to follow through and perform that promise.

The elements of common-law fraud are:

(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

17

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). When, as here, the representation at issue "involves a promise to do an act in the future," the plaintiff also has to prove that, at the time the defendant made the promise, the defendant "had no intention of performing the act." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992); *see also Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998) ("A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made."); *Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 647 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("A future promise to act . . . constitutes fraud only when made with the intent to deceive and with no intention of performing the act.").

Here, the alleged misrepresentation by GC Services that Spencer relies upon for his fraud cause of action is GC Services' statement to Spencer that it would "handle" his 2008 hardship application. This statement is a promise to perform a future act; thus, to survive summary judgment, Spencer had to raise a genuine issue of material fact on the question of whether, at the time it made that representation, GC Services lacked the intent to perform that promise in the future. Spencer, however, never presented any evidence to the trial court concerning this element of his cause of action, nor did he make any argument for why the evidence that he did

18

present constituted evidence of intent not to perform. Thus, because Spencer did not raise a fact issue on this essential element of his fraud claim in response to GC Services' traditional and no-evidence summary judgment motion, the trial court could have properly granted summary judgment on this basis alone. *See Formosa Plastics*, 960 S.W.2d at 48 (stating promise of future performance constitutes actionable misrepresentation when made with no intention to perform); *Beal Bank*, 124 S.W.3d at 647 (stating same); *see also Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 722 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("If the respondent does not produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged element or elements, the trial court 'must' grant the motion.").

Furthermore, Spencer does not challenge this basis for granting summary judgment on appeal. He argues that Denise Bolton's affidavit was "full of misstatements," but he does not argue that any of the summary-judgment evidence before the trial court raised a fact issue on the question of whether GC Services lacked the intent to perform when it made the alleged misrepresentation to him. Thus, because Spencer has not attacked all independent grounds for granting summary judgment on appeal, we must uphold the trial court's summary judgment ruling. *See Leffler*, 290 S.W.3d at 386; *Britton*, 95 S.W.3d at 681 ("[I]f an independent ground fully supports the complained-of ruling or judgment, but the

19

appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground, and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.").

We overrule Spencer's second issue.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.