**BAYLOR COLLEGE OF MEDICINE, Appellant,**

v.

**Roy A. CAMBERG, Administrator of the Estate of Ana Julia Ortiz, Deceased, and Texas Department of Family & Protective Services as Next Friend of Ana Delia Mejia Ortiz, Enid Valentina Mejia Ortiz, and Rigoberto Mejia Ortiz, Minors, Appellees.**

**No. 14–06–00500–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 29, 2008.

Charles Kelvin Adams, Thomas P. Sartwelle, and Jeff T. Nobles, Houston, TX, for appellants.

Arthur Samuel Feldman, Houston, TX, for appellees.

Panel consists of Justices YATES, FOWLER, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

This appeal from the trial court's entry of judgment in a wrongful death case comes to us in an unusual procedural posture. Appellant asks us to construe a Rule 11 settlement agreement entered into by the parties during jury deliberations. Appellees, on the other hand, contend that after the parties disputed the terms of the Rule 11 agreement, the trial court disregarded the agreement and entered judgment on the jury's verdict. The record supports the conclusion that the trial court entered judgment on the jury's verdict rather than the Rule 11 agreement. We therefore affirm the trial court's judgment without the necessity of construing the Rule 11 agreement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Roy A. Camberg, Administrator of the Estate of Ana Julia Ortiz, Deceased, and Texas Department of Family & Protective Services as next friend of Ana Delia Mejia Ortiz, Enid Valentina Mejia Ortiz, and Rigoberto Mejia Ortiz, minors (collectively, "appellees") sued Baylor College of Medicine ("Baylor") for the wrongful death of the minor children's mother, Ana Julia Ortiz. At trial, while the jury was deliberating, Baylor and appellees entered into a

Rule 11 "high-low agreement."[1] The record reflects that this agreement was initially proposed by Baylor as follows:

[If there is a damage award, a]nd it's less than $500,000, the Defendants agree to [pay] the named Plaintiffs $500,000.

If the damages awarded by the Jury are between $500,000 and $1.1 million, the Defendant will pay the verdict award by the jury.

If the verdict is in excess of $1.1 million, the Defendants will pay to the named Plaintiffs $1.1 million.

But appellees rejected this offer because they did not want the minimum amount conditioned on a finding of liability. Baylor then modified the agreement, which was memorialized in the record as follows:

Court: Okay, high/low, low is $500,000, high is $1.1 million, period.

Baylor: And if it's in-between, we pay the in-between.

Appellees: And the court costs are $15,000, not to exceed, and the ad litem fees are $10,000, not to exceed.

Court: Okay.

Baylor: Now, can the Court make a docket entry on that?

Court: Well, is that your agreement?

Baylor: Yes, sir.

Court: Is that your agreement?

Appellees: Yes, Your Honor.

Court: You have the agreement.

The jury returned its verdict on March 8, 2006. As relevant to this appeal, the jury found $898,000 in damages. On March 14, appellees filed a motion for entry of judgment that included a proposed

---

1. A high-low agreement is defined as "[a] settlement in which a defendant agrees to pay the plaintiff a minimum recovery in return for the plaintiff's agreement to accept a maximum amount regardless of the outcome of the trial." BLACK'S LAW DICTIONARY 746 (8th ed.2004).

judgment, which comported with the jury's verdict but made no reference to the Rule 11 agreement. The motion itself provided:

> Plaintiffs hereby move the court to enter judgment in this matter, as set forth in the attached proposed judgment. The judgment is supported by the jury's verdict, and is for an amount within the parties' agreement to settle this case under the high-low agreement announced to the court on March 6, 2006.

In addition to $898,000 in damages, appellees' proposed judgment included prejudgment interest on the jury's damage award.[2] Appellees set this motion for hearing on March 23, 2006.

The next day, Baylor responded by filing a motion to enforce the Rule 11 agreement and for entry of final judgment. Baylor attached its own proposed judgment, which explicitly referenced the Rule 11 agreement and omitted any interest on the damages found by the jury. This motion was also set for hearing on March 23. At the beginning of the hearing, the trial court noted, "I have had an opportunity to go through everything. What I'm going to do is enter [appellees'] judgment, only I'm changing [the amount of certified court costs]. . . ." The trial court signed the final judgment at the hearing, and Baylor timely filed this appeal.

## II. ISSUE PRESENTED

In a single issue, Baylor asserts that, by including prejudgment interest in its judgment, the trial court supplied terms or essential details not included in the parties' Rule 11 settlement agreement and thus violated its "ministerial duty" to record only that which was agreed to by the parties. Appellees respond that the trial court's judgment was not based on the Rule 11 agreement, but instead was rendered on the jury's verdict because the parties disputed the terms of the agreement.[3]

## III. STANDARD OF REVIEW

The trial court's "decision whether a settlement agreement should be enforced as an agreed judgment or must be the subject of a contract action requiring additional pleadings and proof is subject to the abuse of discretion standard of review." *Staley v. Herblin,* 188 S.W.3d 334, 336 (Tex.App.-Dallas 2006, pet. denied) (citing *Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656, 659 (Tex.1996)). Because the trial court has no discretion in determining what the law is or in applying the law to the facts, the trial court's failure to analyze or apply the law correctly is an abuse of discretion. *In re Am. Homestar of Lancaster, Inc.,* 50 S.W.3d 480, 483 (Tex.2001); *Appleton v. Appleton,* 76 S.W.3d 78, 86

---

2. An unsigned copy of this proposed judgment is not included in our record because the trial court, after making an adjustment to the figure for court costs, signed the copy of the judgment attached to appellees' motion.

3. Appellees additionally assert that prejudgment interest is a necessary part of damages in a wrongful death case and thus properly included in the judgment even if the judgment were based on the Rule 11 agreement. *See, e.g., Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 898 (Tex.2000) ("Prejudgment interest falls within the common-law meaning of 'damages.' ") (citing *Cavnar v. Quality Con-*

trol Parking, Inc., 696 S.W.2d 549, 552–54 (Tex.1985)); *see also Carl J. Battaglia, M.D., P.A. v. Alexander,* 177 S.W.3d 893, 908 (Tex. 2005) ("We also held in both *Columbia Hospital [v. Moore,* 92 S.W.3d 470 (Tex.2002)] and *Horizon/CMS Healthcare Corp. v. Auld* that language similar to 'amount of damages to be recovered by the claimant' includes not only actual damages but prejudgment interest as well."). We need not consider this argument, however, because of our determination that the trial court rendered judgment on the jury's verdict, rather than the Rule 11 agreement.

(Tex.App.-Houston [14th Dist.] 2002, no pet.). Finally, the appellant bears the burden to establish error in the trial court's judgment. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968) (per curiam); *Trevino v. Houston Orthopedic Ctr.*, 831 S.W.2d 341, 344 (Tex.App.-Houston [14th Dist.] 1992, writ denied).

## III. ANALYSIS

### A. Preservation of Error

■ As a preliminary matter, appellees assert that Baylor did not preserve error because it failed to plead or prove any claim for breach of contract or otherwise obtain a ruling supporting its appellate complaint. But Baylor filed a motion to enforce the Rule 11 agreement, which was noticed for hearing on the same date as appellees' motion for entry of judgment. By rendering judgment in accordance with the jury's verdict, the trial court implicitly overruled Baylor's motion. *See* TEX.R.APP. P. 33.1(a). Thus, Baylor has preserved error on its appellate complaint.

### B. The Rule 11 Agreement

Here, the parties do not dispute that they entered into a valid Rule 11 agreement. This Rule provides:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or *unless it be made in open court and entered of record.*

TEX.R. CIV. P. 11 (emphasis added). As noted above, the parties in this case entered into a "high-low" Rule 11 agreement, which was memorialized in the record in open court.

■ A judgment rendered on a Rule 11 agreement must be "in strict or literal compliance" with the terms recited into the record and cannot remove or add material terms. *See Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex.2006) (per curiam) (citing *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex.1976) (per curiam)). When such a consent judgment is rendered after consent is withdrawn or is not in strict compliance with the terms of the agreement, the judgment must be set aside. *Id.* (citing *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291–92 (1951)). But notwithstanding an agreement valid under Rule 11, consent to the agreement must also exist at the time an agreed judgment is rendered. *See id.* at 98; *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex.1995); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983).

■ Generally, the appellate remedy for a trial court's entry of an agreed judgment when the court is or should be aware that the parties no longer consent is to reverse and remand for a new trial. *See Quintero*, 654 S.W.2d at 444; *Burnaman*, 150 Tex. at 338–39, 240 S.W.2d at 291–93; *Staley*, 188 S.W.3d at 336–37; *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex.App.-Corpus Christi 1995, no writ); *Farr v. McKinzie*, 477 S.W.2d 672, 677–78 (Tex. Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.). A withdrawal of consent must be effectively communicated to the trial court. *See First Heights Bank, FSB v. Marom*, 934 S.W.2d 843, 845 (Tex.App.-Houston [14th Dist.] 1996, no writ). "The proper inquiry is whether the information in the trial court's possession is clearly sufficient and of such a nature as to put the court on notice that a party's consent is lacking...." *Sohocki*, 897 S.W.2d at 424. When parties to a settlement agreement submit conflicting motions for entry of judgment, the trial court is on notice that mutual consent is lacking. *Milstead v. Milstead*, 633 S.W.2d 347, 348 (Tex.App.-

Corpus Christi 1982, no writ). "The only effect of a party's withdrawal of consent to a Rule 11 settlement agreement, practically speaking, is that the judgment sought becomes one enforcing a binding contract rather than the basis of an agreed judgment." Hon. Andrew S. Hanen & Jeffrey M. Benton, *The Enforceability of Settlement Agreements*, 40 ADVOC. (ST.B.TEX.LITIG.SEC.REP.) 69, 74 (Fall 2007).

## C. The Trial Court's Judgment

■ Baylor contends that consent to the Rule 11 agreement in this case was not withdrawn by either party. Instead, Baylor maintains that the parties asserted competing interpretations of the agreement,[4] and the trial court erroneously entered judgment in accordance with appellees' asserted interpretation. Appellees argue that the trial court, aware of the parties' disputed interpretations of the settlement agreement, rendered judgment on the jury's verdict because it determined consent to the settlement agreement was lacking. After thorough review of the record, we conclude that the record supports appellees' position.

First, the trial court was notified that the parties no longer consented to the Rule 11 agreement because they filed conflicting motions for entry of judgment.[5] *See Milstead*, 633 S.W.2d at 348. Second, the record from the hearing on the parties' motions to enter judgment is devoid of any indication that the court was entering judgment based on the Rule 11 agreement. Although Baylor claims in its reply brief that at the hearing, "neither party asked the trial court to enter judgment on the verdict ..., and the trial court said nothing to support such a view of its judgment," the trial court's only reference to the judgment at this very brief hearing was that it had reviewed "everything" and was entering appellees' proposed judgment, with a reduction to court costs. And, most importantly, the judgment itself, rather than referencing or incorporating the Rule 11 agreement, instead references and incorporates the jury's verdict as follows:

> On February 20, 2006, the court called this case for trial. Plaintiffs " ... appeared ... and announced ready for trial. Defendant ... appeared through its designated corporate representative and through its attorney and announced

---

**4.** Baylor cites *Romero v. KPH Consolidation, Inc.* to support its contention that in the context of a high-low agreement, "prejudgment interest should not be awarded on the agreed settlement amount." While this contention may be true, we do not find support for the proposition in *Romero*, 166 S.W.3d 212 (Tex. 2005). Indeed, the only reference to a high-low agreement in *Romero* occurs in the section detailing the background facts of the case:

> The jury found actual damages of $28.6 million and punitive damages of $12 million. Based on the verdict, the trial court determined awards for each plaintiff against Columbia that totaled a little over $25 million, including prejudgment interest, but under a high-low settlement agreement, the trial court rendered judgment for $11,440,000 in actual damages.

*Id.* at 219. We do not regard this brief mention of a high-low agreement included in the factual background of that case as support for Baylor's contention.

**5.** As noted above, appellees' motion for entry of judgment specified that the attached proposed judgment was "supported by the jury's verdict" and "for an amount within the parties' agreement." Their proposed judgment did not indicate that it was based on the high-low agreement and instead appears to be a judgment on the jury's verdict. Baylor's motion, on the other hand, stated, "Plaintiffs have submitted a proposed Final Judgment ignoring the Settlement Agreement and including pre-judgment interest." Baylor's proposed judgment also specifically referenced the high-low agreement.

ready for trial. The court impaneled and swore the jury, which heard the evidence and arguments of counsel. The court submitted questions, definitions, and instructions to the jury.

On March 7, 2006, and in response to the questions submitted, the jury made findings that the court received, filed, and entered of record. *The questions submitted to the jury and the jury's findings are attached as Exhibit A and incorporated by reference.* (emphasis added).

Further, nothing in the record indicates that Baylor employed a proper procedure for enforcing a Rule 11 settlement agreement once the parties proffered differing interpretations of the agreement. For example, Baylor did not file a motion for summary judgment seeking interpretation of the Rule 11 agreement. *Cf. Padilla,* 907 S.W.2d at 462; *Quintero,* 654 S.W.2d at 444; *Davis v. Wickham,* 917 S.W.2d 414, 416 (Tex.App.-Houston [14th Dist.] 1996, no writ). In addition, Baylor did not seek correction or reformation of the judgment entered by the trial court.[6]

In its reply brief, Baylor asserts that "the trial court had no power to render judgment on the [jury] verdict because it was required to strictly effectuate the exact terms of the Rule 11 agreement," citing *Vickrey v. American Youth Camps, Inc.* 532 S.W.2d 292. The court in *Vickrey,* however, was not faced with the unique procedural facts that exist in this case, *i.e.,* a disputed Rule 11 settlement agreement *and* a jury verdict. In fact, there is no mention of a jury verdict at all in that case.[7] *Id.* at 292. Instead, *Vickrey* stands for the well-established proposition that "[a] final judgment which is founded upon a settlement agreement reached by the parties must be in strict or literal compliance with that agreement." *Id.* As discussed above, the final judgment in this case does not purport to be founded upon a settlement agreement.

Baylor further contends that appellees' "misleading assertions that the judgment is not based on the Rule 11 agreement are negated by a motion filed by Roy Camberg, . . . [the] administrator of the estate of Julia Ana Ortiz." This motion, entitled "Motion for Authority for Administrator to Execute Partial Release of Judgment, Agreement Concerning Partial Settlement and Appeal and Disbursement Agreement,"[8] states, "This case was tried to a jury and a high-low settlement agreement ('Agreement') was reached. A dispute has arisen whether interest should be included in the Agreement." The documents cited in this motion refer to the trial court's "Final Judgment" and do not indicate whether this judgment was based on the Rule 11 agreement. Thus, contrary to Baylor's argument, nothing in this motion indicates that the trial court's judgment

---

**6.** *See* Tex.R. Civ. P. 329b(g); *see also* Hanen & Benton, *supra,* at 75 (observing that, where, as here, the terms of a settlement agreement are not memorialized in a trial court's judgment, "the only avenue to keep the[ ] enforcement action in the presiding court is through a motion to reinstate, or a motion to modify, correct or reform a judgment, either of which must be filed within 30 days after the judgment is signed") (citations omitted).

**7.** In *Vickrey,* the court noted, "the trial court entered final judgment, *referring to and incor-*

*porating the earlier settlement agreement." Id.* at 292 (emphasis added). But here, the final judgment neither refers to nor incorporates the settlement agreement.

**8.** The "Agreement Concerning Partial Settlement and Appeal" mentioned in the title of this motion refers to a separate written settlement agreement entered into between appellees and Baylor after judgment was rendered in this case.

was rendered on the settlement agreement.

■ Under the Texas Rules of Civil Procedure, a trial court is required to render judgment on a jury's special verdict unless "set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding...." TEX.R. CIV. P. 300. Baylor has provided no argument or authority that the trial court was precluded from rendering judgment on the jury's verdict in this situation. As appellant, Baylor bears the burden to establish error in the trial court's judgment. *Englander Co.*, 428 S.W.2d at 807; *Trevino*, 831 S.W.2d at 344. Under these circumstances, Baylor has not established that the trial court's judgment was erroneously rendered on the Rule 11 agreement. We therefore overrule Baylor's sole issue.

## III. CONCLUSION

In sum, the record supports the conclusion that the parties disputed the terms of the Rule 11 agreement; thus, the trial court was precluded from entering an agreed judgment. Nothing in the record indicates Baylor employed a proper procedure for enforcement of a settlement agreement. Finally, the judgment itself indicates it is based on the jury's verdict rather the Rule 11 agreement. Because the record does not support Baylor's contention that the trial court erroneously entered judgment on the Rule 11 agreement, we affirm the trial court's judgment.