In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00345-CV
_____

**DENNIS ZAPOROZHETS, Appellant**

**V.**

**LEROY WILKERSON, Appellee**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-04-04442-CV**

**MEMORANDUM OPINION**

Appellant Dennis Zaporozhets appeals the trial court's order dismissing his case with prejudice. In issue one, Zaporozhets complains that the trial court erred by dismissing his case without giving him notice. In issues two and three, Zaporozhets contends the trial court erred in rendering a consent judgment without his consent and that was not in strict compliance with the parties' agreement. We reverse the trial court's judgment and remand the case to the trial court for further proceedings.

## Background

In April 2016, Zaporozhets filed suit against Wilkerson alleging that Wilkerson assumed ownership and management of a hangar where Zaporozhets' airplane was undergoing an engine overhaul and restoration. Zaporozhets alleged that Wilkerson promised him that his airplane could remain at the hangar until the restoration was complete and it could be relocated to a different airport. According to Zaporozhets, Wilkerson changed the locks and restricted his access to his airplane, thereby preventing him from completing the work and relocating the airplane. Zaporozhets complained that he has been unable to verify the condition of his airplane since Wilkerson has assumed complete care, custody, and control over his airplane without Zaporozhets's consent. Zaporozhets also complained that Wilkerson has failed to establish that he has the legal authority to manage the hangar and collect rent, and has failed to provide proof of insurance on the hangar.

Zaporozhets alleged that Wilkerson is attempting to defraud him and has made false representations concerning Zaporozhets's right to possess and enjoy the entire hangar. Zaporozhets contends that based on Wilkerson's representations, he has paid Wilkerson in excess of $9500. According to Zaporozhets, in February 2016, Wilkerson notified him that the airplane would be sold to the highest bidder if Zaporozhets did not remove it from the hangar by May 1, 2016. Zaporozhets alleged

that Wilkerson is aware that the airplane cannot be moved in its current condition, and Wilkerson has prevented him from completing the work on the airplane. Zaporozhets further alleged that Wilkerson was attempting to convert Zaporozhets's aircraft for his own benefit through his fraudulent acts. Zaporozhets requested a temporary restraining order and a temporary injunction to prevent Wilkerson from selling, repositioning, disassembling, or otherwise damaging the airplane. Zaporozhets alleged causes of action seeking damages which include promissory estoppel, tortious interference with contract, conversion, breach of implied covenant to deliver possession, breach of implied covenant of quiet enjoyment, money had and received, common law fraud, fraudulent inducement, and violation of the Deceptive Trade Practices Act.

In April 2016, the trial court issued a temporary restraining order enjoining Wilkerson from repositioning, disassembling, or selling the airplane. The trial court also ordered the parties to mediate their dispute.

In May 2016, the trial court conducted a temporary injunction hearing. Wilkerson testified that he bought the hangar in December 2013, and that he and Zaporozhets had reached an agreement that Zaporozhets would pay $425 per month in rent. Wilkerson testified that Zaporozhets stopped paying rent in October 2015, and that Zaporozhets owes eight rent payments for the months of October 2015 to

3

May 2016. According to Wilkerson, he and Zaporozhets had agreed that if Zaporozhets paid the rent he owed, Wilkerson would hold the plane and assist Zaporozhets in moving the plane to another hangar. The parties agreed that the back rent in the amount of $3400 would be paid by May 23, 2016. Wilkerson testified that in addition to paying the back rent, he expected Zaporozhets to pay rent for the additional time the plane remained in the hangar. Wilkerson agreed to give Zaporozhets unrestricted access to the hangar and to provide Zaporozhets with keys during the moving process. The parties also agreed to have the plane inventoried.

The trial judge made a docket entry, noting that the parties had dictated their agreement on the record, and the trial judge instructed the parties to provide a written order of the agreement. In the event the parties failed to provide an order, the trial judge instructed the parties to mediate by May 23, 2016. Zaporozhets represented to the trial judge that a temporary restraining order was not necessary since the parties had reached an agreement. On May 3, 2016, the trial judge signed an order stating that the parties had reached an agreement and vacating the temporary restraining order at Zaporozhets's request. The trial court ordered Zaporozhets to pay Wilkerson back rent on or by May 23, 2016, to cover the monthly rental of $425 for eight months from and including October 2015 through and including the month of May,

4

2016, and that rent shall continue at that same rate until Zaporozhets removes his property from the rental location forming the basis of this suit.

In June 2016, the trial court conducted a second hearing, noting that the parties had conducted a mediation in an attempt to resolve the entire lawsuit. The trial court further noted that the parties' mediated settlement agreement had changed the requirements set forth in the order that the trial court had signed in connection with the first hearing. Wilkerson's counsel represented that the parties had agreed that Wilkerson and a mechanic would videotape an inventory of the plane, the plane would be moved to a new hangar, mediation would be reset for ten days so that Zaporozhets could determine if there were any significant parts missing from the plane, and Zaporozhets would have ten days to notify Wilkerson of any claim concerning missing parts or his claim would be waived. Zaporozhets also agreed to deposit seven months' worth of rent in the amount of $2975 into Wilkerson's attorney's trust account.

The trial court instructed that once Wilkerson's attorney confirmed that the money had been deposited, Wilkerson could inventory the plane and the plane could be moved. The trial court stated that if no other claims were made, the case would be dismissed with prejudice after Wilkerson refunded four months' worth of rent to Zaporozhets. The trial court reiterated that the case would be completely resolved

5

by Zaporozhets paying three months' rent. The trial court instructed Wilkerson that within seven days of the case being resolved, Wilkerson's attorney would refund Zaporozhets four months' rent from the money Zaporozhets had deposited into the trust account. The trial court further instructed the parties that when the case was resolved, as discussed on the record, there would have to be a "full and final settlement and release of all claims in the lawsuit[,]" and once Zaporozhets received his refund, the case would be dismissed with prejudice. Both parties agreed to all of the terms of the agreement.

In August 2016, Wilkerson's attorney filed a motion to dismiss with prejudice, in which the attorney represented that he "has received verbal confirmation that all matters contained in that agreement have been fulfilled, that no further demands or claims have been made by either party against the other and that Defendant now wish[es] to have this case dismissed with prejudice." Wilkerson's attorney stated that "despite many efforts to have Plaintiff sign off on an Agreed Motion to Dismiss, he has to date failed to do so. Defendant has offered the reimbursement of partial rent as called for in the agreement in exchange for the execution of an Agreed Motion." According to Wilkerson's attorney, since Zaporozhets had failed to sign an Agreed Motion to Dismiss, "Defendant has no choice but to file this Motion." Wilkerson's attorney indicated that "[a]s soon as the Defendant knows this case is

dismissed he will, within 7 days issue a cashier's check directly to the Plaintiff from the Defendant's attorney's IOLTA trust account."

On August 17, 2016, the trial court signed an order granting Wilkerson's motion for dismissal and ordering that the case be dismissed with prejudice. The trial court further ordered that within seven days of the entry of the dismissal order, Wilkerson, through his attorney, would pay directly to Zaporozhets the sum of $1275 as called for in the Mediated Settlement Agreement. Zaporozhets appealed.

Analysis

We address Zaporozhets's third issue first, as it is dispositive. In issue three, Zaporozhets contends that the trial court erred in rendering a consent judgment that was not in strict or literal compliance with the parties' agreement. Zaporozhets argues that Wilkerson did not refund $1700 within seven days of the case being resolved as per the parties' agreement reached at the June 2016 hearing, and as recited into the record in open court, but instead sent a reduced refund in the amount of $1275. Zaporozhets argues that Wilkerson changed the material terms of the agreement and then unilaterally prepared and filed a motion to dismiss with prejudice, and the trial court rendered a consent judgment dismissing the case based on terms materially different from the parties' agreement.

7

Wilkerson contends that he filed the motion to dismiss after the parties complied with all the conditions of the agreement and after all payments were made. Wilkerson maintains that the trial court dismissed the case in accordance with the parties' agreement and that there are no grounds for appeal. Wilkerson argues that, based on the parties' agreement, Zaporozhets had until August 30, 2016, to make any objections to the inventory of the plane. After hearing no objections from Zaporozhets, Wilkerson contends that on August 30, 2016, he sent Zaporozhets a cashier's check in the amount of $1275, and sent Zaporozhets a second cashier's check in the amount of $425 on January 20, 2017. Wilkerson represents that there was never any communication or objection from Zaporozhets concerning the trial court's dismissal order, and that he was not aware of any problem until Zaporozhets appealed. According to Wilkerson, Zaporozhets failed to assert any remedies in the trial court complaining about the trial court's judgment dismissing the case, and that a remand for new trial would be unwarranted when all matters have been resolved by the parties' agreement and sanctioned by the trial court.

To be enforceable, any agreement between attorneys or parties touching a pending suit must either be in writing, signed, and filed with the parties as part of the record, or be made in open court and entered of record. Tex. R. Civ. P. 11. "A trial court has a ministerial duty to enforce a valid Rule 11 agreement." *ExxonMobil*

*Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). A trial court's judgment rendered on a Rule 11 agreement must be "'in strict or literal compliance' with the terms recited into the record and cannot remove or add material terms." *Baylor Coll. Of Med. v. Camberg*, 247 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). When a consent judgment is rendered that is not in strict compliance with the terms of the parties' agreement, the judgment must be set aside. *Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006).

Zaporozhets asserts that Wilkerson failed to comply with the portion of the parties' agreement requiring him to refund four months' rent within seven days of the case being resolved. The record shows that during the June 2016 hearing, the trial court instructed the parties that once Zaporozhets received his refund, the case would be dismissed with prejudice. Although Wilkerson claims that based on the parties' agreement, Zaporozhets had until August 30, 2016, to make any objections to the inventory of the plane, the record shows that Wilkerson filed a motion to dismiss with prejudice on August 17, 2016, representing that all matters had been fulfilled and no further claims had been made by either party. The record further shows that the trial court granted Wilkerson's motion to dismiss on August 17, 2016, and that only Wilkerson had approved the substance of the trial court's order. The

order required that, within seven days of the entry of the dismissal order, Wilkerson shall pay Zaporozhets $1700 as called for in the mediated settlement agreement. Wilkerson maintains that he sent Zaporozhets $1275 on August 30, 2016, and $425 on January 20, 2017.

The record shows that the parties entered into a valid Rule 11 agreement on the record in open court during the June 2016 hearing. *See* Tex. R. Civ. P. 11. According to that agreement, Wilkerson agreed to refund Zaporozhets four months' rent in the amount of $1700 within seven days of the case being resolved. However, the trial court's order dismissing the case ordered Wilkerson to pay Zaporozhets $1275 within seven days of the entry of the order. We conclude that the trial court's order is not in strict compliance with the terms of the parties' agreement as recited into the record. *See Camberg*, 247 S.W.3d at 346.

We also note that according to the parties' agreement, the case would be dismissed with prejudice once Zaporozhets received his refund. However, the record shows that Zaporozhets did not receive any refund before the trial court dismissed the case. The record further shows that not only did Wilkerson fail to tender the refund within the deadline provided by the parties' agreement, Wilkerson did not send Zaporozhets the full refund amount until four months after Zaporozhets filed his notice of appeal.

10

Because the trial court's order is not in strict compliance with the terms of the parties' agreement, we sustain Zaporozhets's third issue *See id.* Accordingly, we reverse the trial court's judgment dismissing the case and remand for further proceedings consistent with this opinion. *See Chisholm*, 209 S.W.3d at 98. Having sustained issue three, we need not consider Zaporozhets's remaining issues, as they would not result in any greater relief. *See* Tex. R. App. P. 47.1.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 6, 2017
Opinion Delivered August 3, 2017

Before McKeithen, C.J., Horton and Johnson, JJ.