**AFFIRM; and Opinion Filed July 27, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00929-CV

### IN THE INTEREST OF L.S.B., A CHILD

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-16-2030**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Francis, and Justice Thomas[1]
Opinion by Justice Thomas

At issue in this appeal is Texas Family Code section 102.004(b), which governs a "grandparent or other person['s]" standing to intervene in a pending suit affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. 102.004(b) (West Supp. 2017).[2] Appellant seeks to reverse the trial court's order dismissing her petition to intervene in a termination and adoption suit concerning her niece, L.S.B. "due to her substantial past contact" with the child. We disagree and affirm the trial court's order.

## BACKGROUND

Appellee, a distant relative of the child, filed the termination and adoption suit in November 2016. At the time, L.S.B. was almost three years old and had been living with appellee for over two years as a result of a placement by Child Protective Services (CPS). Appellee sought to

---

[1] The Honorable Linda Thomas, Chief Justice, Retired, sitting by assignment.

[2] Section 102.004(b) was amended after this appeal was filed. Nonetheless, we cite to the current statute as the amendment does not affect the issue before us.

terminate the rights of L.S.B.'s mother, who had signed an affidavit of voluntary relinquishment and consented to the adoption. L.S.B's father's rights had been previously terminated.

Based on pictures showing appellee drinking and appearing to exercise poor judgment, appellant petitioned to intervene and she requested that she be appointed sole managing conservator of L.S.B. Appellant alleged she had standing to intervene "due to her substantial past contact" with L.S.B. *See* FAM. § 102.004(b). Specifically, CPS placed L.S.B. with Appellant for "almost three months" in 2014.

Appellee challenged appellant's standing by motion to strike, and the trial court held a hearing in April 2017. Testimony at the hearing reflected that, since caring for L.S.B. in 2014, appellant had visited with her for one hour in October 2016 and had sent a few gifts.

Finding the motion to strike should be granted, the trial court dismissed appellant's petition and subsequently granted appellee's petition to terminate and adopt.

## APPLICABLE LAW

We review a trial court's ruling on a motion to strike a petition in intervention for abuse of discretion. *See Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982); *In re J.P.*, 196 S.W.3d 434, 440 (Tex. App.—Dallas 2006, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, "without reference to any guiding rules or principles." *Beaumont Bank, NA v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). We will not reverse a trial court for abuse of discretion because we disagree with its decision if that decision was within the court's discretionary authority. *Id.* A trial court has no discretion in determining what the law is or in applying the law to the facts. *Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 345 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)

Generally, intervention in a lawsuit is allowed as a matter of right; permission by the trial court is not required. *See* TEX. R. CIV. P. 60; *Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex.

App.—Dallas 2017, no pet.); *Prototype Mach. Co. v. Boulware*, 292 S.W.3d 169, 172 (Tex. App.—San Antonio 2009, no pet.). However, in suits affecting the parent-child relationship, where the child's best interest is "always" the court's primary consideration, the circumstances under which a person may intervene is left to the trial court's discretion. *See* FAM. §§ 102.004(b), 153.002 (West 2014); *In re M.T.*, 21 S.W.3d 925, 927 (Tex. App.—Beaumont 2000, no pet.). Under family code section 102.004(b), the trial court may grant leave to intervene to grandparents and those "deemed by the court to have had substantial past contact with the child." *See* FAM. § 102.004(b). "Substantial past contact" is not defined by the code, but is determined on a case-by-case basis. *See id.*; *In re N.L.D.*, 412 S.W.3d 810, 815 n.3 (Tex. App.—Texarkana 2013, no pet.).

**DISCUSSION**

In arguing she had standing to intervene because she had "substantial past contact" with L.S.B., appellant notes that, unlike other standing provisions in the family code requiring a minimum period of time with the child, section 102.004 imposes "no time limitation or qualification" on the requirement of "substantial past contact." *See, e.g.*, FAM. §§ 102.003(a)(9) (West Supp. 2017) (allowing original suit to be filed by "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date" suit is filed); 102.003(a)(12) (same – foster parent of a child placed with him by the Department of Family and Protective Services "for at least 12 months ending not more than 90 days" before suit is filed). Appellant contends that whether a person has standing to intervene under section 102.004 should turn on "the substantial nature of the contacts" and not when the contacts occurred. In support, appellant relies on *In re H.B.N.S.*, No. 14-05-00410-CV, 2007 WL 2034913 (Tex. App.—Houston [14th Dist.] July 17, 2007, pet. denied).

In *H.B.N.S.*, the parents of the child's babysitter were deemed to have had substantial past contact with the child where, over a period of five years, they cared for the child for "large amounts of time;" provided her with clothing, medical and dental care, and her own room at their house and

lake house; were involved in her education; and, considered her a member of the family. *Id.* at *1, 4 & n.4. Appellant asserts there can be no contact "more substantial" than caring for a child for a significant period of time, and she cared for L.S.B. for three months.

Although section 102.004(b) has no temporal limitation or requirement, neither does it define "substantial past contact." *See* FAM. § 102.004(b). Whether a person has had "substantial past contact" with a child so as to have standing to intervene is left to the sound discretion of the court, to be determined on a case-by-case basis. *See id.*; *In re N.L.D.*, 412 S.W.3d at 815 n.3. Unlike the *H.B.N.S.* intervenors who had an ongoing relationship with the child over a period of five years, appellant here had limited contact with L.S.B. after the three-month period L.S.B. lived with her. Moreover, L.S.B. had lived two of her three years of life with appellee and was living with appellee at the time suit was filed. On the record before us, we cannot conclude the trial court erred in striking appellant's petition in intervention. *Compare In re A.M.*, 60 S.W.3d 166, 168-69 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (no abuse of discretion in allowing foster parents to intervene under former provision of section 102.004 where child had spent "nearly all her life up to the time of the filing of the intervention" with them) *with Segovia-Slape v. Paxson*, 893 S.W.2d 694, 696-97 (Tex. App.—El Paso 1995, orig. proceeding) (no clear abuse of discretion in striking aunt's plea in intervention under former code provision where only proof of "substantial past contact" was allegation that child had resided with aunt for "a few weeks").

We decide appellant's sole issue against her and affirm the trial court's order dismissing the intervention.

/Linda Thomas/
LINDA THOMAS
JUSTICE, ASSIGNED

170929F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF L.S.B., A CHILD

No. 05-17-00929-CV

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. FA-16-2030.
Opinion delivered by Justice Thomas. Chief Justice Wright and Justice Francis participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's "order on motion to strike intervention or, alternatively, to dismiss for lack of standing."

We **ORDER** appellee Taylor Alexandra Cowie recover her costs of this appeal from appellant Melinda Joann Byers.

Judgment entered this 27th day of July, 2018.