# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00761-CV

---

**Jimmie Luecke Children Partnership, Ltd., Appellant**

**v.**

**Everard Droemer, Dorchen Hoeinghaus, Bernard Droemer, Theodore Droemer, and Roberta Boriack, Appellees**

---

### FROM THE 335TH DISTRICT COURT OF BASTROP COUNTY
### NO. 1146-335, JUDGE JOHN M. DELANEY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Jimmie Luecke Children Partnership, Ltd., (the Partnership) appeals from the trial court's award of appellate attorney's fees to appellees Everard Droemer, Dorchen Hoeinghaus, Bernard Droemer, Theodore Droemer, and Roberta Boriack (collectively, the Droemers). By a single issue, the Partnership contends that the trial court erred by not enforcing the parties' Rule 11 agreement concerning attorney's fees. We affirm.

## I.    BACKGROUND[1]

During the parties' previous foray before this Court, we largely upheld the trial court's judgment determining their respective rights under a lease agreement. *See Jimmie Luecke Child. P'ship, Ltd. v. Droemer*, No. 03-20-00096-CV, 2022 WL 243162, at *1 (Tex.

---

[1] We derive this background largely from the parties' briefing below.

App.—Austin Jan. 27, 2022, pet. denied) (mem. op.). However, we reversed and remanded in part for a redetermination of appellate attorney's fees. *Id.* at *9.

After our decision, the parties engaged in potential settlement negotiations. On September 30, 2022, Justice Scott K. Field, then an attorney with Butler Snow LLP, the firm that represented the Droemers, emailed Robin Baird, one of the attorneys representing the Partnership. In his email, Field stated, "[P]lease confirm we have a deal on appellate fees at $15,000 on the agreement that our client will have payment in 30 days of the agreed order," and signed the email using his first name. That same day, Baird responded:

> Scott:
>
> Yes sir, I apologize for my delay in confirming the agreement as you have stated it.
>
> My schedule has blown up so that I have not had time to draft a settlement and release agreement, and order. If one of your folks have time, it might speed things along. If not, then I will get to it as soon as I can.
>
> . . . .
>
> Best regards,
> Robin

However, the parties did not sign a settlement and release agreement. On February 9, 2023, the Droemers filed a motion to present evidence as to the remaining appellate attorney's fees issue. On July 6, 2023, the Partnership filed a "Notice of Filing," attached to which were the emails exchanged between Field and Baird.

On July 19, 2023, the trial court held a hearing on the Droemers' motion. At the hearing, the court heard testimony and evidence concerning the appellate attorney's fees incurred by the Droemers. Additionally, the attorneys' email exchanges from September 30, 2022, were

2

admitted into evidence. The Partnership argued that the Rule 11 agreement "was filed of record," and asked that the court "rely on that as an agreement that the Court should enforce." At the conclusion of the hearing, the trial court asked for briefing from both parties on "the legal effect of the—in effect the [Partnership's] defense that" appellate attorney's fees should be governed by the September 30, 2022 email exchanges. Neither party objected to the trial court taking up this issue.

On July 28, 2023, the Droemers filed their post-hearing brief "to answer the [c]ourt's question at the hearing: whether emails exchanged between counsel represent a binding, enforceable agreement resolving the appellate attorney's fees due in this case." The Droemers argued that the emails between attorneys Field and Baird did not constitute an enforceable agreement because: (1) the emails did not "evidence a strict acceptance of terms, a meeting of the minds on material terms, or consent to those terms"; (2) the Partnership made a counteroffer "containing new, material terms"; and (3) the Droemers revoked their consent before the Partnership accepted the offer.

The Droemers also attached to their brief an email that attorney Baird sent on February 10, 2023, to another of their attorneys. This email reads as follows

> Bill:
>
> Thank you for our telephone call yesterday afternoon. In accordance with your request, attached are copies of the following:
>
> 1. b930-1. Email from Scott Field to me, dated September 30, 2022, at 10:43 AM. In this email Scott asks me to confirm that we ". . . have a deal on appellate fees at $15,000. . .";
>
> 2. b930-2. Email from me to Scott Field, dated September 30, 2022, at 11:49 AM. In this email I confirmed the

3

agreement back to Scott as follows: ". . . I apologize for my delay in confirming the [$15,000] agreement as you have stated it.";

3. b930-3. Email from Scott Field to me, dated September 30, 2022, at 1:08 PM. In this email Scott informs me that he is ". . . going to get Ethan to draft up an agreed order for entry instead of a true settlement agreement, . . ."; and

4. c125. Email from Ethan Glenn to me, dated January 25, 2023, at 5:20 PM. In this email Ethan states that ". . . we've drafted an agreed final judgment to close this matter out."

5. A copy of the draft Agreed Final Judgment that was attached to Ethan Glenn's email to me dated January 25, 2023, at 5:20 PM.

As we discussed yesterday afternoon I had proposed a resolution to both the appellate and trial attorney fee issues when I spoke to you late last fall, and I let you know that I wanted to speak to my client again today in order to make sure that I can confirm to you now the same proposal I made to you last fall.

I can now re-confirm our prior proposal as follows: in exchange for a full and final judgment of all issues in the case my client will, within 30 days after the entry of judgment, pay: (1) $10,000 as the full amount of trial attorney fees owed; and (2) $15,000 as the full amount of appellate attorney fees owed.

I am copying Ethan Glenn, and the folks at his law firm, on this email so that they will know that my client remains committed to our settlement of the $15,000 appellate attorney fees, and that they will be fully aware of the efforts you and I are taking to fully resolve this lawsuit with one final 'settlement' that covers both the appellate attorney fees and the trial attorney fees.

. . . .

Best regards,

Robin

An email from Glenn to Baird sent that same day was also attached to the Droemers' brief and reads, "Circumstances have changed and we need to put a pause on this

4

agreed final judgment. I'm not saying we can't go forward with this in the future, but we need to retract this for the time being."

On August 10, 2023, the Partnership filed its brief in opposition to the Droemers' request for attorney's fees. In its brief, the Partnership argued that the trial court should award $15,000 to the Droemers as their reasonable and necessary attorney's fees for two reasons: (1) the parties' purported Rule 11 agreement "resolves the issue"; and (2) assertions that more than $15,000 in appellate attorney's fees was reasonable and necessary were not credible.

On August 16, 2023, the trial court signed a judgment awarding the Droemers $31,389.50 in "reasonable and necessary" appellate attorney's fees. The judgment did not mention the parties' purported Rule 11 agreement. The Partnership filed a motion for new trial, arguing that "[t]here was insufficient evidence to support the Court's conclusion that the agreement to compromise was not effective and enforceable." The motion was overruled by operation of law, and this appeal followed.

## II.     RULE 11 AGREEMENT

By its sole issue on appeal, the Partnership argues that the trial court erred by refusing to enforce the parties' email exchanges as a Rule 11 agreement.

To be enforceable, a Rule 11 agreement between attorneys or parties must "be in writing, signed and filed with the papers as part of the record, or . . . made in open court and entered of record." Tex. R. Civ. P. 11. "The purpose of Rule 11 is to ensure that agreements of counsel affecting the interests of their clients are not left to the fallibility of human recollection and that the agreements themselves do not become sources of controversy." *ExxonMobil Corp.*

*v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

"A court is not precluded from enforcing a Rule 11 agreement once it has been repudiated by one of the parties, but an action to enforce a Rule 11 agreement to which consent has been withdrawn must be based on proper pleading and proof." *Id.*; *see Harrison v. Freehill*, No. 03-21-00249-CV, 2022 WL 12069261, at *4 (Tex. App.—Austin Oct. 21, 2022, no pet.) (mem. op.) ("[W]hile the general rule is that a court has a 'ministerial duty' to enforce a valid Rule 11 agreement by rendering judgment thereon, . . . when one party to such agreement has revoked its consent thereto prior to rendition of judgment, the other party may then seek to enforce the agreement *only* under contract law and based upon proper pleading and proof . . . ."). "Such an action to enforce the Rule 11 agreement as a contract, rather than as an agreed judgment, requires full resolution of the surrounding facts and circumstances, and the validity of a settlement agreement may not be determined without proper pleadings." *Freehill*, 2022 WL 12069261, at *1. "Like any other breach of contract claim, a claim for breach of settlement agreement is subject to the established procedures of pleading and proof." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009).

While "proper pleading and proof" is required to enforce a Rule 11 agreement, "Texas courts have held that such requirement does not necessitate the filing of a new cause of action or even a counterclaim for breach of contract; rather, the filing of a motion to enforce a settlement agreement before the trial court's plenary jurisdiction has expired is" sufficient. *Scott v. American Home Mortg. Serv., Inc.*, No. 03-14-00322-CV, 2015 WL 8593622, at *3 (Tex. App.—Austin Dec. 8, 2015, pet. denied) (mem. op.) (collecting cases). "The trial court's 'decision whether a settlement agreement should be enforced as an agreed judgment or must be

6

the subject of a contract action requiring additional pleadings and proof is subject to the abuse of discretion standard of review.'" *Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 345 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (quoting *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied)).

Notably, the Partnership did not file a motion to enforce the email exchanges as a settlement agreement, nor did it file a separate breach-of-contract claim. At the hearing on the Droemers' motion to present evidence of attorney's fees, the Partnership asked that the court "rely on th[e emails] as an agreement that the Court should enforce." But, at the time this request was made, the court was solely considering the reasonable and necessary amount of appellate attorney's fees. Indeed, at the hearing, the court indicated that it was considering the enforceability of the email exchanges as the Partnership's "defense . . . to the claims of attorney fees," rather than a separate claim for relief. And in its post-hearing brief filed less than a week before the trial court rendered its final judgment, the Partnership contended that "[t]he only issue for decision is the amount of attorney's fees." No evidentiary hearing was ever held on the enforceability of the email exchanges as a Rule 11 agreement and the parties did not file competing motions for summary judgment, nor did the Partnership file a motion to enforce or amend its pleadings to add a breach-of-contract claim. *Cf. Gunter v. Empire Pipeline Corp.*, 310 S.W.3d 19, 22 (Tex. App.—Dallas 2009, pet. denied) ("If consent is withdrawn, 'the only method available for enforcing a settlement agreement is through summary judgment or trial.'" (quoting *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied))); *Martin v. Black*, 909 S.W.2d 192, 195–96 (Tex. App.—Houston [14th Dist.] 1995, writ denied) ("[T]he only applicable vehicles for obtaining judgment on a dispute over whether a contract exists are

7

(1) a motion for summary judgment, if no fact issue exists, and (2) a non-jury or jury trial, if a fact issue exists.").

Additionally, the Partnership did not specify whether the email exchanges should be enforced as an agreed judgment or as a contract that the Droemers had breached. *See Rammah v. Abdeljaber*, 235 S.W.3d 269, 273 (Tex. App.—Dallas 2007, no pet.) (appellant waived enforcement of Rule 11 agreement where he did not move for enforcement "with sufficient specificity" or "obtain a ruling on that motion"); *see also In re Phillips*, No. 13-21-00312-CV, 2022 WL 354513, at *7 (Tex. App.—Corpus Christi–Edinburg Feb. 7, 2022, orig. proceeding) (mem. op.) (trial court abused its discretion by enforcing Rule 11 agreement after party's repudiation of consent where other party's "motion to enforce simply sought enforcement of the Rule 11 agreement as a ministerial duty"). At the time the trial court signed its final judgment, the record established that even if the parties had at one point agreed to a $15,000 settlement for appellate fees, the Droemers had since revoked their consent. Therefore, the trial court did not err by declining to render judgment enforcing the parties' email exchanges as a Rule 11 agreement in the absence of proper pleadings and proof. *See In re M.A.H.*, 365 S.W.3d 814, 820 (Tex. App.—Dallas 2012, no pet.) (where party to rule 11 agreement revoked consent prior to judgment "the trial court could not enter orders on child support, conservatorship, and possession in accordance with the rule 11 agreement based solely on that agreement"). And to that end, the trial court's judgment determined and awarded reasonable and necessary appellate attorney's fees based on the Droemers' motion. Accordingly, we conclude that, in the absence of proper pleadings and proof to enforce a Rule 11 agreement, the trial court did not abuse its discretion by awarding the Droemers $31,389.50 in appellate attorney's fees. *See Freehill*, 2022 WL 12069261, at *4; *see also Baylor Coll. of Med.*,

8

247 S.W.3d at 348–49 (where trial court's judgment stated it was based on jury's verdict and appellant failed to follow proper procedures to enforce Rule 11 agreement, court of appeals overruled appellant's argument that trial court's judgment failed to enforce Rule 11 agreement).

Although appellee does not argue that the Partnership's request to enforce the email exchanges was insufficiently supported by pleadings and proof, as appellant, the Partnership "bears the burden to establish error in the trial court's judgment." *Baylor Coll. of Med.*, 247 S.W.3d at 349. "If under the applicable law and the appellate record, an appellant has not shown that the trial court erred, we may not reverse the trial court's ruling, even if the appellee filed no brief or filed a brief that does not present a proper basis for affirming the trial court's ruling." *Hamilton Metals, Inc. v. Global Metal Servs., Ltd.*, 597 S.W.3d 870, 878 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *cf. Walmart, Inc. v. Fintiv, Inc.*, No. 06-20-00071-CV, 2021 WL 3572728, at *6 (Tex. App.—Texarkana Aug. 13, 2021, no pet.) (mem. op.) ("[O]ur review of the record may include an analysis of whether the appellant waived its special appearance by violating Rule 120a's due-order-of-pleading or due-order-of-hearing requirement, even if neither party raised the issue on appeal or at trial."). Here, the Partnership failed to meet its burden to show that the trial court's judgment was erroneous. Accordingly, we overrule the sole issue presented on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Theofanis and Ellis

Affirmed

Filed:   August 22, 2025