

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00148-CV

———————————————

ATMOS ENERGY CORPORATION, Appellant

V.

DPC PARKER PROPERTIES, LLC AND DOSS PROPERTIES COMPANY, LTD.,
Appellees

---

On Appeal from County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV-23-0071

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Atmos Energy Corporation appeals from the trial court's order granting the Motion to Enforce Mediated Settlement Rule 11 Agreement filed by Appellees DPC Parker Properties, LLC and Doss Properties Company, Ltd. (collectively, DPC). Atmos argues that we have jurisdiction to consider this interlocutory appeal under Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code because the order functions as a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). We conclude, however, that because the order merely enforces a Rule 11 agreement[1] entered into by the parties, it is not injunctive in nature. Accordingly, we dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

DPC owns approximately 4,000 acres near Cool, Texas, known as the Doss Ranch. In the 1960s, DPC's predecessors granted Atmos's predecessor two blanket easements that permitted the installation of multiple natural-gas pipelines on portions of the Doss Ranch.

In 2023, Atmos began constructing a new pipeline to meet increased demand for gas service in and around Parker County. Although the vast majority of this new pipeline passes through portions of the Doss Ranch that are subject to Atmos's

---

[1]*See* Tex. R. Civ. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed[,] and filed with the papers as part of the record, or unless it be made in open court and entered of record.").

blanket easements, a small section crosses a 185-acre tract owned by DPC that is not subject to the blanket easements.

Accordingly, Atmos filed an eminent-domain action[2] against DPC seeking to condemn a permanent pipeline easement over a 0.271-acre section of the Doss Ranch. Following a condemnation hearing, the special commissioners awarded DPC $126,020 in compensation for the proposed taking. Atmos timely objected to the award. DPC filed a counterclaim against Atmos for inverse condemnation in which it alleged that it was entitled to additional compensation for Atmos's proposed construction of the new pipeline on the portions of its property that were subject to the blanket easements.

Following mediation, the parties entered into a Mediated Settlement Rule 11 Agreement, which included the following terms:

- Atmos shall pay DPC $175,000;

- The parties will agree to the entry of an Agreed Final Judgment granting the easements sought by Atmos and dismissing DPC's counterclaim with prejudice;

- Atmos "will agree to partially release [DPC's] property from the existing blanket multiline rights ROW agreements, save and except for an approximately 200' to 250' wide area to be determined following a survey" (the Exempt Area);

- Atmos will continue its ongoing restoration activities on DPC's property and will prepare a side letter agreement setting forth the general scope of

---

[2]For a discussion of the law and procedural rules governing eminent-domain actions, see *Oak Lawn Apartments, Ltd. v. State*, 584 S.W.3d 11, 14–15 (Tex. App.—Fort Worth 2018, pet. denied).

the ongoing work and addressing Atmos's response to future restoration activities upon completion of the current ones.

During the process of preparing the documentation to effectuate the parties' Rule 11 agreement, a dispute arose regarding the language quoted in the third bullet point above. Specifically, DPC asserted that by agreeing to "release [DPC's] property from the existing blanket multiline rights ROW agreements," Atmos had agreed to release not only its easements but also its ingress and egress rights. In contrast, Atmos contended that the release language applied solely to its easements and that the Rule 11 agreement was silent regarding its ingress and egress rights.

Seeking court intervention to resolve the dispute, DPC filed its Motion to Enforce Mediated Settlement Rule 11 Agreement. Atmos filed a response,[3] and the trial court conducted a nonevidentiary hearing.

After taking the matter under advisement, the trial court signed an order granting DPC's motion. The order included language explicitly requiring the parties to fulfill their respective obligations under the agreement. Specifically, it ordered that:

- Atmos "shall pay to [DPC] $175,000[]";

- "[T]he parties shall enter an Agreed Final Judgment, which will (a) grant the easements sought by Atmos . . . as stated in its most recent petition in condemnation, and (b) dismiss [DPC's] counterclaim with prejudice";

- "[T]he parties shall enter into a partial release of [DPC's] property from the existing blanket multiline rights ROW agreements, save and except for the

---

[3]In its response, Atmos asserted that it was entitled to damages and attorney's fees because DPC had violated the Rule 11 Agreement's confidentiality provision by filing the enforcement motion.

4

[Exempt Area]," which release shall include Atmos's "claimed rights of ingress and egress";

- Atmos "will prepare a side letter agreement setting forth the general scope of work currently ongoing . . . and addressing [Atmos's] response to future restoration activities upon completion of the current restoration activities presently ongoing on [DPC's] property."

Contending that the order functions as a temporary injunction, Atmos filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

## II. JURISDICTION

We have jurisdiction only over final judgments that dispose of all parties and issues in a case unless a statute authorizes review of a particular type of interlocutory order. *See Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 13–14 (Tex. 2022); *Wyrick v. Jayson*, No. 02-18-00104-CV, 2018 WL 3385870, at *3 (Tex. App.—Fort Worth July 12, 2018, no pet.). Section 51.014 of the Texas Civil Practice and Remedies Code lists certain types of interlocutory orders from which a party may immediately appeal; among these is a trial court's order granting or refusing a temporary injunction. Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

Relying on the Texas Supreme Court's decision in *Harley Channelview Properties, LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32 (Tex. 2024), Atmos argues that the trial court's interlocutory order enforcing the parties' Rule 11 agreement is appealable because it "functions as a mandatory temporary injunction." We disagree.

An interlocutory order "functions as a temporary injunction"—and is therefore appealable—if it requires a party to perform according to the relief demanded in the

5

suit and "operates during the pendency of the suit." *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). In *Harley Channelview*, the supreme court clarified that because "a temporary injunction is inextricably bound with the merits," when evaluating whether an interlocutory order has the "character and function" of a temporary injunction, we are to focus on "whether the order restricts (or commands) a party's conduct during the suit[] based on a determination that the opposing party has demonstrated a probable right to relief." 690 S.W.3d at 39, 41. Thus, an order "has the character and function of a temporary injunction" if it "(1) requires the enjoined party to perform; (2) is made effective and operates while [the] suit remains pending; and (3) compels performance based on a determination that the opposing party's claim has merit." *Id.* at 40.

Here, the order fails the third prong of the character-and-function test because it compels performance based on the terms of the parties' Rule 11 agreement, not based on the merits of DPC's counterclaim. *See id.* The parties—not the trial court—resolved the merits of their claims via the Rule 11 agreement. Thus, the trial court's order is not "inextricably bound with the merits" of the parties' claims; rather, it merely interprets and enforces the terms of their Rule 11 agreement. Indeed, everything that the order compels Atmos to do—paying consideration to DPC, entering into an Agreed Final Judgment and a partial release of the "existing blanket multiline rights ROW agreements," and preparing a "side letter agreement" regarding restoration activities on DPC's property—was part of the Rule 11 agreement.

6

Accordingly, the order is not injunctive in nature. *See Harris v. Milling*, No. 11-20-00164-CV, 2022 WL 1498170, at *2 (Tex. App.—Eastland May 12, 2022, no pet.) (holding that order enforcing Rule 11 agreement was "not injunctive in nature" because it merely required appellant to perform a task that she had agreed to do under the terms of the agreement).

In sum, because the trial court's order merely enforces the terms of the parties' Rule 11 agreement and is not inextricably bound with the merits of the parties' claims, it does not function as a temporary injunction.[4] *See Harley Channelview*, 690 S.W.3d at

---

[4]Atmos argues that the order satisfies the character-and-function test's third prong because it is "based on an interim ruling that DPC's unpled breach-of-contract claim has merit." But this argument conflates the merits of the parties' pleaded condemnation claims with the merits of DPC's interpretation of the Rule 11 agreement and thus amounts to legal legerdemain. Further, it ignores the realities of the case. DPC did not actually plead a breach-of-contract claim, and because Atmos never formally withdrew its consent to the Rule 11 agreement and instead merely disputed DPC's interpretation of its terms, it is not clear that DPC was required to do so. *See Scott-Richter v. Taffarello*, 186 S.W.3d 182, 189–91 (Tex. App.—Fort Worth 2006, pet. denied) (upholding trial court's grant of appellees' motion to enforce Rule 11 agreement despite appellants' arguments that the motion had the effect of imposing additional material terms that the parties had yet to negotiate and agree upon because appellants had never challenged validity and enforceability of Rule 11 agreement); *see also Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 346–47 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (admonishing that "withdrawal of consent [to a Rule 11 agreement] must be effectively communicated to the trial court" (citing *First Heights Bank v. Marom*, 934 S.W.2d 843, 845 (Tex. App.—Houston [14th Dist.] 1996, no writ))). *But see Harrison v. Freehill*, No. 03-21-00249-CV, 2022 WL 12069261, at *4 (Tex. App.—Austin Oct. 21, 2022, no pet.) (stating that when one party to a valid Rule 11 agreement has revoked its consent prior to rendition of judgment, the other party may "seek to enforce the agreement *only* under contract law and based upon proper pleading and proof"); *Baylor Coll. of Med.*, 247 S.W.3d at 348 ("[N]othing in the record indicates that [appellant] employed a proper procedure for enforcing a Rule 11 settlement agreement once the parties proffered differing interpretations of the

7

39, 41. Therefore, it is not appealable. *See id.*; *Harris*, 2022 WL 1498170, at *2 (holding that order enforcing Rule 11 agreement was not appealable because it merely required appellant to comply with the agreement's terms and was therefore not "injunctive in nature"); *In re Dixon*, No. 12-16-00133-CV, 2016 WL 5115559, at *2 n.2 (Tex. App.—Tyler Sept. 21, 2016, orig. proceeding) (recognizing that trial court's order granting motion to enforce Rule 11 agreement that concerned division of community estate in divorce case was "not the type [of order] for which an interlocutory appeal is available" (citing Tex. Civ. Prac. & Rem. Code § 51.014)); *see also Bright Health Mgmt., Inc. v. Cantilo & Bennett, L.L.P.*, No. 15-25-00092-CV, 2025 WL 2312723, at *1 (Tex. App.—15th Dist. Aug. 12, 2025, pet. denied) (holding that interlocutory order did not "function[] as a temporary injunction"—and was therefore not appealable—because it merely enforced a prior permanent injunction); *DeLitta v. Schaefer*, No. 03-14-00426-CV, 2014 WL 5802025, at *2 (Tex. App.—Austin Nov. 6, 2014, no pet.) (holding that order enforcing agreed temporary injunction did not function as a "stand-alone temporary injunction" and was therefore not appealable).

---

agreement. For example, [it] did not file a motion for summary judgment seeking interpretation of the Rule 11 agreement."). And even if—as Atmos asserts—DPC should have amended its pleadings to add such a breach-of-contract claim, Atmos waived any such procedural error by failing to raise the issue in its response to DPC's motion to enforce the Rule 11 agreement. *See Ng v. Katy-Washington, L.C.*, No. 01-17-00687-CV, 2018 WL 3625436, at *5 (Tex. App.—Houston [1st Dist.] July 31, 2018, no pet.) (citing *Guevara v. WCA Waste Corp.*, No. 01-15-01075-CV, 2017 WL 1483320, at *6 (Tex. App.—Houston [1st Dist.] Apr. 25, 2017, pet. dism'd)).

### III. CONCLUSION

We dismiss this appeal for want of jurisdiction.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: June 4, 2026